## HARTT vs. RECTOR & DOBBIN.

1. A sheriff's sale is within the statute of frauds, and the title to land can only pass by a deed duly executed: when a deed is made it relates back and takes effect from the sale only so far as to affect parties and privies, and not to defeat the rights of intervening purchasers.

Hartt vs. Rector & Dobbin.

2. Plaintiff instituted his action of ejectment for the northwest fractional quarter of section 35, township 49, range 17; he offered in evidence, upon the trial, a deed through which he claimed title, which describes the land conveyed as an "interest in the *southeast* fractional quarter of fractional sec. 35, township 49, range 17, including part of the town of Boonville, on the south side of the Missouri river and in Cooper county," and in connection with the deed he offered to prove that the northwest quarter of the section was *fractional*, and was the only fractional quarter in the section; and that *part of the town of Boonville* was situated upon it, and that no part of the town was situated on the southeast quarter ; all of which evidence the court excluded. Held that the evidence was properly excluded—that the description in the deed by metes and bounds as surveyed and numbered under the acts of Congress is the *particular* and *leading* description, and is sufficient to ascertain the premises, and the balance of the description should be rejected.

## ERROR to Cooper Circuit Court.

LEONARD, for plaintiff in error.

1. The court erred in excluding the plaintiff's title, derived from the sheriff's sale of July, 1827.

2. The court erred in excluding the plaintiff's title, derived from Nowlin's deed of July, 1836. 1 Greenleaf's evidence, sec. 301 and notes; 3 Phil. Ev. 1376, Cow. & Hill's notes, note 942; Gates vs. Lewis, 7 Vermont Rep. 511; Loomis vs. Jackson, 19 John. Rep. 449; Worthington and others vs Hylyer, 4 Mass. Rep. 196; Blaque vs. Gould, Cro. C. 447; Lush vs. Drux, 4 Wend. 318; Jackson vs. Clark, 7 John. 223; Jackson vs. Moore, 6 Cow. 706; McIvers Lessee vs. Walker and another, 9 Cranch, 178; Davis vs. Ransford, 17 Mass. R. 210; Jackson vs. Camp, 1 Cow. R. 612; Newsom vs. Prior, 7 Wheat. R. 10; Jackson vs. Wendall, 5 Wend. R. 147; Boardman vs. Reed and Ford's lessees, 6 Peters R. 345; White vs. Gay, 9 N. Hamp. R. 127; Long vs. Norton, 8 Greenleaf R. 68; Conolly vs. Vernon & Vyse, 5 East. Rep. 78; Fulwood vs. Graham, 1 Richardson's Rep. 491.

HAYDEN, for defendants in error.

1. The deed of trust, made by Hartt to Nowlin, on the 15th day of April, 1823, is a conditional deed, and did not, at the time it was made, invest Nowlin with a *then present* interest in the lands therein mentioned ; but the vesting of an interest in him depended upon the condition, or the happening of the event therein specified ; that is to say, upon the event that judgment should go (or be obtained against William S. Edwards and John Corum) in the respective suits then pending in the Cooper and Saline circuit courts against them, as the securities of Hartt to Turner in Hartt's bond for the conveyance of land to Turner, as is specified in the reciting part or caption of the deed ; and, therefore, in order to show that Nowlin ever had any interest in the land, by virtue of the deed to him, it devolves upon the plaintiff in this suit, to show the happening of the event or condition precedent in the deed mentioned; and in this case, there is nothing in the record showing that the said event ever did happen.

This deed of trust is different from the usual deeds of trust as drawn in this country. In this deed, the interest in the land does not vest until the happening of the event, as a condition precedent, of a recovery in one of the suits mentioned ; whereas deeds of trust usually convey the interest in *presenti;* but in neither form can the trustee foreclose the equity of redemption, until the condition in the deed is forfeited, and then, only in the way hereinafter mentioned.

2. If the court shall decide that the vesting of the interest in Nowlin did not depend upon the event, as a precedent condition, mentioned in my first point, but shall decide that the interest vested at the time the deed was made, then I insist, that in either point of view, the power to sell the land is a conditional power, and that Nowlin had no right to exercise that power until the happening, as a condition precedent, of the aforesaid event; or upon the further condition mentioned in the deed, viz: that Hartt should fail to make title to the said Turner to said land, or fail to keep said Corum and Edwards indemnified against damages and costs in said two suits, or cause them, by his acts, to be entirely released from their said liability as his said securities in said bond.

3. If the sale by Nowlin to Compton had been a sale of the northwest quarter, instead of the southeast quarter of section No. 35, in order to have thereby passed the title of Hartt to the land so sold, the trustee, Nowlin, was bound to observe and pursue, strictly and literally, the conditions and provisions of the deed; and that, if the sale were made, before the happening of the event, upon which his right to sell depended; or if he sold it before he sold the tract first charged with the burthen, as specified in the deed; or if the sale were made without having advertised the same for sale as required by the deed, then such sale would have been made without authority, and would have been void and have passed no right or title to Compton in the land, even though he had received, at the time of such purchase, a conveyance from Nowlin of the land. And, in order to recover in this action the land in controversy, it devolves upon the plaintiff to prove, and not upon the defendant to disprove that the sale by Nowlin, under which he claims, was made in conformity to the conditions, &c., mentioned in the deed of trust. See 2d Sugden on Powers, chap. 18, pp. 268, 269 and following, (top paging) and the authorities there referred to. 4th Kent; 1 Mo. Rep. 520; 7 John. Rep. 217, 226; 2 Pirtle's Digest, p. 91, title, "Mortgage and Mortgagee," sec. 36; 3 Littel's Rep. 410, Ormsby vs. Farrasin; Story on Agency, secs. 164, 165; 4 Wheat. 79, Williams vs. Peyton; S. C. 4 Cond. Rep. 395; 6 Wheat. 119; 5 Cond. Rep. 28; 4th Cranch 403; 2 Cond. Rep. 151.

4. The deed of conveyance from Nowlin to Compton, dated on the 8th day of July, 1836, clearly and explicitly shows that Nowlin thereby intended to convey to Compton the south east quarter of section No. 35, and not the northwest quarter of that section; and that it was his intention, thereby to consummate a sale of that identical tract, that is to say, the said southeast quarter which he had advertised publicly for sale, and sold on the 2nd day of Aug., in the year 1825, together with some two or three hundred other acres of land, for the price of two dollars to said Compton; and as the tract, specifically and plainly advertised and sold, is with certainty identified in the deed, it is not competent for the plaintiff, by evidence *aliundi*, to strike out the southeast quarter, and insert in its place in the deed, the northwest quarter of the section. The false affirmations in the deed, stating that the land described therein includes a part of the town of Boonville, when, in fact, it includes no part of the town—that it is a fractional quarter, when, in fact, it is not fractional; and that the sale of the quarter, so sold and described, was made by him, Nowlin, by virtue of the deed of trust, when, in fact, the deed of trust gave him no right or power to sell it, do not tend to prove, in the slightest degree, that the advertisement and sale was not of the identical tract designated in the deed, as the southeast quarter of the section. On the contrary, these statement only show (taken in connection with the proof of the facts as they exist,) that the land sold does not include any part of the town—that the quarter sold is not fractional, but a full quarter; and that, in fact, the sale of this quarter was not made by virtue of any right or authority in the deed of trust, for the deed gives him no such right or power. So that, I insist, that all these affirmations in the deed are made with a view, not to falsify the truth of what is certainly described as the quarter sold; but with a view to give greater certainty to the same identical quarter sold, and being false, are to be disregarded. Now; if Nowlin by his deed to Compton had stated, as the subject of the advertisement, that he had advertised and sold on the 2nd day of August, 1825, all the right, title and interest of George C. Hartt in "the Boonville tract," consisting of 3¼ eighths thereof, and that this, "the Boonville tract" included within it, the whole or any part of the southeast quarter of section 35, or that the court

house in the town, or any other building or thing was situate thereon, when, in fact, these were false statements, still, the sale so made of "the Boonville tract" would carry his interest, &c., in this tract as "the Boonville tract" by its name and description specified in the deed.

I insist, that in the interpretation of the deed, the court is bound to take its clear and explicit language, and not what is in the country that contradicts the language, to ascertain what was intended to be sold and conveyed. To do this, where the meaning from the terms of the deed is clearly expressed, would be to give greater effect to parol evidence than to written, and, in fact, would be to establish a rule by which creditors and purchasers would be bound to look outside of a deed to know what it conveys, or was intended to convey by the party that made it. This rule never can obtain where there is no latent ambiguity in the instrument. I insist, that General Smith, the judgment creditor, and Adams, who purchased under the execution upon this judgment, had a right to know at the time of the levy and the execution sale, whether the land had been sold by Hartt, the debtor, or by Nowlin, the trustee, and that they were not bound to go beyond the recorder's office to ascertain that the land sold under the execution, (viz: the northwest quarter,) had not been sold by Hartt or by Nowlin.

I insist, that neither Smith nor Adams, was bound to go and survey the southeast quarter which was sold by Nowlin, to ascertain whether the whole or any part of the northwest quarter of the same section was within the southeast quarter, nor were they bound to survey the town of Boonville to ascertain whether any part of the town was included within the tract sold by Nowlin to Compton, in order to ascertain whether the northwest quarter could be sold to satisfy the judgment, and in which quarter, Hartt then had, at least, an equity of redemption.

I insist, further, that the very fact that the sale of the southeast quarter to Compton, for the price of fifty cents, is a circumstance which conduces, strongly, to show, that Nowlin knew at the time of the sale, as well as Compton, that he, Nowlin, had no right or power under the deed of trust to sell this quarter section, and hence, it was sold and purchased for nothing at this sale.

But if, upon any possible ground whatever, the deed from Nowlin to Compton, for the southeast quarter of section 35, by construction, can be tortured to mean, that the sale was of the northwest quarter of that section, (the land in controversy,) by reason of its stating that "it included a part of the town of Boonville," when it did not, then, I insist, that from the facts and circumstances, shown by the record, the purchase of the land at this sale was a purchase of Hartt in the name of Compton, to cover up the title to the land for the price of fifty cents, under a scheme, fraudulently concocted by Hartt and Compton to cheat and defraud the creditors of Hartt and subsequent purchasers of the land. Now, it may be that this view of the subject, as to the fraudulent character of this transaction, may not be entitled to much consideration in determining the question directly brought up before this court in the present proceeding; yet, it may deserve some consideration, so far as is involved the question in regard to the fact, whether at the time of this pretended sale to Compton, there was then any damages, costs or other injuries, resting up Edwards and Corum, as Hartt's securities, for whose indemnity the deed of trust to Nowlin was made, as above mentioned; and unless this indemnity was demanded under the provisions of the deed of trust, I repeat again, that the sale to Compton was not authorized; and may I not insist, that the very fact that Nowlin, the trustee, sold all the land on the south side of the river, (if the sale includes the land in controversy,) consisting of about 3¾ eighths of an one hundred and fifty eight acres, (which includes about forty lots in the town of Boonville,) and some two or three hundred acres in the neighborhood of the town, for the price of two dollars, much less than was reasonably necessary to pay the crier or auctioneer of the sales upon the premises, (as required to be made by the deed of trust;) and that the deed of trust had in fact been satisfied, and that no indemnity was needed. For why, I ask, should this lien, if it existed upon the land, be

Hartt vs. Rector & Dobbin.

thrown away and costs be incurred in printing advertisements of the sales, &c., &c., if the object were to realize the indemnity pretended· Now, I can readily imagine how a trustee might be prevailed upon, by the maker of such a deed of trust, by one in the situation of Hartt, with judgments hanging over him, (such trustee not thinking or knowing what object such an embarrassed seducer had at the time in view,) to advertise and sell land, as the trustee in this case made the sale.

As to the question of varying the descriptive identity of the land, as stated in the deed, &c., see 1 Greenleaf, Ev. sect. 301, and authorities referred to; 3 Barbour's Rep., 218, 219; 5 Hill Rep., 272, 6 N. Hamp. Rep., 205; 7 John. 247, 226.

5. I insist, that even if the sale by Nowlin to Compton had been warranted and made in strict conformity to the provisions, &c., specified for his government in the deed of trust, then, the sale which was made on the 2nd day of August, 1825, by Nowlin to Compton, and which was not evidenced by a deed to Compton, pursuant to such sale, and the same duly recorded, prior to the execution sale to Adams, (under Smith's judgment,) is void as against the title of Adams thus acquired.

That the deed to Compton, made by the trustee, Nowlin, (seven years after Adams had purchased the land,) to consummate the trustee's sale in August, 1825, cannot overreach Adams' title by relation. That althought Adams might have seen, and by construction of law, did know, in the year, 1829, when he purchased the land, that the same was encumbered by the deed of trust to Nowlin, yet, as nothing appeared upon the record showing that the equity of redemption of Hartt was or had been foreclosed by a sale under that deed by Nowlin to Compton, and that there was, therefore, a vendible interest (the equity of redemption) still remaining in Hartt, subject to the judgment and execution of Smith; he, Adams, had a right to purchase, at least, that interest under the execution, and consequently, so far as this unconsummated and mysterious sale made to Compton, in the year 1825, is concerned, the deed afterwards made in the year 1836, does not increase its strength or validity as against the title of Adams. 20 John. 537; 18 John. 293.

Then, the question is presented, what effect can this deed have as a transfer of Hartt's interest in the land in controversy, either at the time it was made, or at any other time? I answer, that it can have none. It does not even amount to an assignment of the deed of trust; but if it did, it would be a nullity, as an assignment of the deed of trust without the debt or the thing secured by it is a nullity—the debt being the principal and the trust deed the incident. See the following authorities: 2 Pirtle sec. 23, p. 89, 90; 2 Marshall, 109; 2 Barrows's Rep., 978; 6 N. Hamp. R., 210.

### Adams, for defendants in error.

1. The patent, read in evidence by the plaintiff, is void so far as the northwest fractional quarter of section 35, township 49, range 17 is concerned, the same not being connected to the other lands in the manner required by the pre-emption law under which Hanna Cole's pre-emption was granted. See act congress, approved 29th April, 1816, 1 vol. Land Laws, 281, 282.

2. A sheriff's sale is within the statute of frauds, and the title can only pass by a deed duly executed; and a deed, executed subsequently to the sale, will not pass the title and relate back so as to defeat intervening purchasers, and, therefore, the sheriff's sale to Compton, and the amendment of the sheriff's return, and the subsequent deed of the sheriff, Woodward, to Compton, and the evidence offered in connexion therewith, were properly excluded. See Evans vs. Ashley, 8 Mo. R., 177; Simonds vs. Catlin, 2 Caine's Rep., 61; Jackson vs. Catlin 2 Johns. Rep., 248; Catlin vs. Jackson, 8 Johns. R. 520; Ennis vs. Waller, 3 Blackford Rep., 472; 13 I. R., 472; 4 Cow., 462; 3 Cow., 79.

3. The court properly excluded the deed to Nowlin and from Nowlin to Compton, and

Hartt vs. Rector & Dobbin.

from Compton to Hartt, and the evidence given in connexion therewith.   *First.* Because the deed to Nowlin was made upon a condition precedent, that is to say, no estate was to vest unless the judgments referred to in the deed, should be rendered, and no evidence was given to show that these judgments ever were rendered, and without this proof, as the case stands upon the record, an insurmountable objection exists to the admissibility of the evidence rejected.   *Secondly.* But the main point upon which this evidence was rejected, and upon which the defendants in error confidently rely, is, that the deed from Nowlin to Compton did not embrace the land in controversy, and the plaintiff had no right, by evidence aliundi, to exclude from that deed the southeast quarter of section 35, township 49, range 17, and put in its place the northwest fractional quarter of that section.   The deed, as it stood, contained a perfect description of the southeast quarter, and the false particulars referred to in the deed, to-wit: "fractional" and "including a part of the town of Boonville" might be rejected and leave a perfect description, and this is the proper rule of construction in such cases.   You cannot reject the description of premises in a deed and incorporate other premises by another description.   See 1 Greenleaf's Ev. section 301, and note 1, and authorities there referred to; 7 John. R., 217, 226; 6 N. Hamp. R , 205; 3 Barbour's Rep., 218, 219; 5 Hill Rep., 272.

The certificate of sale made by Nowlin to Compton, was not evidence.   It was not a deed of conveyance, and of course passed no title.   It could not be used to charge or alter the description in the deed by Nowlin to Compton, or to show that there was a mistake therein. It would not be good evidence for this purpose, even in a court of equity, or bill for the correction of a mistake—because the deed recites another and different sale than the one referred to in this certificate.   The certificate is of a sale that was made on the 1st of September, 1825, and the deed is made pursuant to a sale that was made the 2nd of August, 1825.   So, if the certificate proved anything, it would prove that there was no mistake, and that the deed had been made for the land actually sold on the 2nd of August, 1825, which was a different sale from the one referred to in the certificate.   See 7 Mo. Rep., 337, Moss vs. Anderson.

4. But the sale by Nowlin, as trustee, even if the deed had been for the proper piece of land, was void because he did not pursue the *trust and power* according to the terms of the deed.   The deed required him to sell the lands as they were named in the deed, which he omitted to do.   1 Mo. Rep., 520; Jackson vs. Clark, 7 Johnson's R., 217, 226; 2 Pirtles' Dig. Title "Mortgage" sec. 36, p. 91; 3 Littell, 410, Ormsby vs. Tarason; Story on Agency, sec. 164, 165, 126, 133; 7 T. R., 348; 5 Johns. R., 58; 3 Pick., 488–9, 490–1; 16 Mass. R., 345; 7 Johns. Rep., 279, 288; 1 Cow. 122; 3 Johns. 386; Adams on Eject. p. 30, n. 3; see Minott's Digest. "Mortgager and Mortgagee."

5. As there was no record of the sale or deed from Nowlin to Compton, it could not affect the title vested in Adams by the execution sale to him; and even if the deed had been made for the land in controversy, it would have amounted to nothing more than the assignment of the mortgage without assigning the debt and would have been a nullity.   See 2 Pirtle's Dig., sec. 23, pp. 89, 90; 2 Marshall 109; 2 Barrow's R., 978; 6 N. Hamp. R., 210.

6. The original deed of trust to Nowlin ought to have been produced, or in connexion with its loss it should have been shown that it contained no endorsement of satisfaction, for if it was satisfied (and the production of the original might have shown that fact) no release was necessary to re-invest the mortgagor with the title, which, of course, was transferred to Adams by the execution sale and sheriff's deed to him.   Jackson vs. Davis, 18 J. R. 7.


RYLAND, Judge, delivered the opinion of the court.


This was an action of ejectment tried in the Cooper circuit court, in which the plaintiff suffered a non-suit, on account of the rejection of certain evidence of title that he offered.

The cause has been twice before in this court. It was brought here in August, 1842, by the plaintiff and was reversed. See Hartt vs. Rector, 7 Mo. Rep. 531.

The plaintiff had a verdict at the next trial, which took place in 1843, and judgment thereon, which was reversed by this court in January, 1844. See Rector vs. Hartt, 8 Mo. Rep. 448.

Upon the last trial, which took place in September, 1847, the plaintiff gave as evidence of title a patent from the United States to himself, Carroll & Wallace, dated the 19th November, 1822.

In answer to this title, the defendants gave in evidence a judgment of this court, of the 15th April, 1823, in favor of Thomas A. Smith, against George C. Hartt and George Tennell ; an execution on this judgment of the 10th October, 1828, and a sheriff's sale and conveyance of the 17th February, 1829, to William M. Adams, for the whole quarter section ; also, conveyances from Adams to the defendants for the lot in controversy.

The plaintiff, in reply, then gave in evidence two judgments of the Cooper circuit court, against the plaintiff; one of the 26th January, 1821, in favor of G. James, and the other of the 21st May, 1821, in favor of N. Nichols: executions thereon of the 9th of August, 1823; a levy upon Hartt's interest in "the Boonville tract," being 3½ eighths ; a *venditioni exponas* of the 22nd of July, 1824 ; a sheriff's sale thereunder of Hartt's interest in the Boonville tract made in July, 1824; an amended sheriff's return to the *venditioni exponas*, made in October, 1836, and a sheriff's deed of the 27th of October, 1836, to Geeshom Compton, of the land sold under the *venditioni exponas* and the acknowledgment and registry of this deed.

The original return to the writ of *venditioni exponas* stated the fact of the sale and payment of the purchase money, but omitted to state the name of the purchaser, and this was supplied by the amended return.

The sheriff's deed was made upon the petition of Compton, by order of the Cooper circuit court, by the successor in office of the sheriff who made the sale.

The plaintiff then offered to prove, that at the time of the original levy and sale, the expression "Boonville tract" was well known in the neighborhood as the northwest fractional quarter of section thirty-five, (35), township forty-nine, (49), range seventeen (17), (the land sued for) and that this tract had acquired the appellation of the "Boonville tract," and was known by that description.

To this evidence, both written and verbal, the defendants objected,

and the court sustained the objection, and rejected the evidence thus given by the plaintiff in reply.

The plaintiff then proved and read in evidence the following title paper: A conveyance of the 15th of April, 1823, from himself to Peyton Nowlin, acknowledged and recorded in Cooper county, on the 11th day of July, 1823, of his "undivided interest in and to three and one-half eighths of the northwest fractional quarter of section 35, township 49, range 17, south of Missouri river, in trust to secure the payment of certain demands." A writing of the 1st of September, 1825, executed by Nowlin, the trustee, stating the fact of the sale of the several tracts of land included in Hartt's deed of trust, to whom made, and the price given, in which it was stated that "the 3½ eighths of the N. W. fr. 1-4 of section 35, township 49, range 17, including part of the town of Boonville, was sold to Geeshom Compton. A conveyance on the 8th July, 1836, from Nowlin, the trustee, to Geeshom for several tracts of land included in the deed of trust and described in the certificate of sale as having been sold to Compton.

In this deed, the land in dispute is described, after reciting the deed of trust and the sale made under it, as all Hartt's "interest in the south east fractional quarter of fractional section 35, township 49, range 17, including part of the town of Boonville, on the south side of the Missouri river and in Cooper county." The deed declares that the trustee sells such interest in these lands as he acquired under Hartt's deed of trust and no more; a conveyance of the 15th of May, 1837, from Compton to Hartt of the land in controversy.

The plaintiff then proved, that the N. W. quarter was fractional, and made so by the Missouri river, and the only fractional quarter in the section; that a part of the town of Boonville was situated upon it, and that no part of the town was situated on the southeast quarter.

All the evidence of title was objected to by the defendants, and was excluded by the court, and thereupon the plaintiff suffered a non-suit.

The plaintiff afterwards moved the court to set aside this non-suit, which motion the court overruled, and the plaintiff brings this cause here by writ of error.

To reverse the judgment of the circuit court, the plaintiff in error relies mainly on two grounds.

*First,* That the court erred in excluding his evidence of title, derived under the sheriff's sale in July, 1824, and the sheriff's deed in pursuance of this sale, dated 27th October, 1836.

*Second,* That the court erred in excluding the plaintiff's evidence of title, derived from Nowlin's deed of July, 1836.

It therefore becomes necessary for me to examine these propositions, and if I find the law arising on either one to be for the plaintiff, then the cause will have to be remanded.

I am relieved from all necessity of investigating the point first above set down. The principle stated by this court in the case of Alexander & Betts vs. Samuel Merry, (9 Mo. Rep. 515) are conclusive upon this point. I shall therefore pass it by with merely stating that in accordance with these principles, the circuit court did right in rejecting all the evidence offered by plaintiff below in regard to the same.

The second point is of much more difficult adjudication. The mistake as is alleged in the deed from Nowlin to Hartt. This deed is for the southeast fractional quarter of fractional section 35, township 49, range 17, including part of the town of Boonville, on the south side of the Missouri river, in Cooper county. The plaintiff contends that it was intended for the northwest quarter, and not the southeast, and he offers to show and prove this by evidence, showing that the southeast quarter is not fractional, and that no part of the town of Boonville is situated on it ; but that the northwest quarter is fractional, and is the only quarter that is fractional in said section, and that a part of the town of Boonville is situated on it. Many authorities are cited by the plaintiff's counsel, as well as by the defendant's, on this subject.

Greenleaf, in his treatise on the Law of Evidence, 1 vol. 332, § 301, and in the notes thereto, has laid down a general, and I think, a correct view of this subject. *Falsa demonstratio non nocet, cum de corpore constat.* This, says he, is the rule derived from the civil law. So much of the description as is false, is rejected, and the instrument will take effect if a sufficient description remains to ascertain its application.

Words necessary to ascertain the premises must be retained, but words not necessary for that purpose may be rejected, if inconsistent with others.

That an uncertainty which arises from applying the description contained in the will, either to the thing devised or to the person of the devisee, may be helped by parol evidence, but, that a new subject matter of devise or a new devisee, where the will is entirely silent upon either, cannot be imported, by parol evidence, into the will itself. This is laid down as the doctrine concerning wills. The plaintiff seeks that it may be applied to the deed in this case. Be it so.

By the acts of Congress, the public lands in the new States and Territories have been surveyed and laid off in townships, ranges, sections, and the various sub-divisions of sections—such as half sections, quar-

ter sections, half quarter sections and quarter quarter sections; and the United States grant their patents, and have them issued for lands thus marked, bounded and described. A principal meridian line is laid down, then townships and ranges, so that a person of ordinary capacity can designate the tracts and point out the lands and the various sub-divisions ; and he knows just as well what specific tract or parcel of land is pointed out by the description of the south-east fractional quarter of section 35, township 49, range 17, west, south of Missouri river, as if the external lines and corners thereof had been run and marked and platted down by the surveyor. Such a description is nothing more nor less than a description of the land by metes and bounds.

The deed in this case is for the south-east fractional quarter. It turns out that this quarter is not fractional. Must we, therefore, conclude that the deed is void? Let us reject the word fractional, which is in this instance the *falsa demonstratio*, of the civilians and enough will still remain to convey the premises.

No part of the town of Boonville is situated upon it : reject this false demonstration and enough still remains to convey the premises mentioned in the deed.

It is contended for the plaintiff in error, that we must look to the words *"fractional quarter,"* and on which a part of the town of Boonville is situated," as the particular description, and as such, must control the description of metes and bounds, thereby overturning the descriptive words, south-east fractional quarter of section 35, township 49, range 17, west, south of Missouri river.

But this construction is contrary to all rules and would overturn the settled and long established modes by which we designate our tracts or parcels of land.

When we sell by the descriptive terms of south-east fractional quarter of section 35, in township 49, of range 17, west, south Missouri river, we specify and describe as particularly as if we marked out the boundaries and described each line and specified each corner. If it be not "fractional," or if no part of the town of Boonville be included in these lines, then these descriptive specifications, thus wanting, become what the civilians call *falsa demonstratio*, and must be rejected, nevertheless enough still remains to pass the land by the deed.

On the other hand, let these descriptive specifications, thus wanting, become the governing and controlling descriptive words, and the incident will prevail over the principal, an absurdity into which I am unwilling to be driven.

Were I to convey by deed a lot in the city of Boonville, and describe

it as lot number ten, in block number five, on the plat of said town, said lot number ten fronting on Main street, sixty feet, and running back one hundred feet to an alley fifteen feet wide, now in the possession of A. B., and it should afterwards turn out that A. B. never was in possession of said lot, but was in possession of an adjoining lot number eleven, of the same dimensions; can it be maintained that the specification of the possession must control the other descriptive words in this deed, so as to authorise the courts to suffer parol evidence to prove that lot number eleven was meant to be conveyed in this deed instead of lot number ten? See the case of Goodlittle vs. Southern, 1 M. & S. 299.

Upon the whole case, I am clear that the law, on the second point, as well as on the first, was properly ruled by the court below for the defendants.

The point about the condition precedent, in the deed of trust to Nowlin, we consider not necessary to be now passed on by this court.

Judge Napton concurring with me in this opinion, the judgment of the Cooper circuit court is affirmed.