WARE v. JOHNSON *et al., Appellants.*

1. **Sale under Execution:** SHERIFF'S POWER TO AMEND DEED. When a sheriff has executed a deed in pursuance of a sale under execution, conveying land by the same description by which it was advertised and sold, his power is at an end. He cannot afterwards execute another deed conveying by a different description the land which he intended to sell, and which the bidders at the sale understood was being sold.

2. **Deeds, Construction of:** CALLS FOR QUANTITY. In ascertaining the land that has been conveyed by a deed, a call for quantity will be rejected when inconsistent with the actual area of the premises as particularly described.

*Appeal from Nodaway Circuit Court.*—Hon. Henry S. Kelly. Judge.

*Johnson & Jackson for appellants.*

1. The sheriff was clothed with ample power to sell the land at the time of the sale at which Jones purchased; a valid execution had issued upon a regular judgment. *Buchanan v. Tracy,* 45 Mo. 437.

2. There is no such thing as a formal levy of an execution on real estate, as there is upon personal property; in the latter case it includes an actual seizure, while in the former our execution not being an extent, the levy begins with the sale. *Wood v. Colvin,* 5 Hill 230; *Draper v. Bryson,* 17 Mo. 71.

3. Where the sale is to a stranger there need be no notice of sale. If the judgment and execution be regular, a stranger to them will be protected in his purchase. *Curd v. Lackland,* 49 Mo. 451; *Draper v. Bryson,* 17 Mo. 71.

4. The sale of the land was by a description well known by all parties, and even better than had it been by a technical description, and no injury could · result to the owner. And that being the case, the purchaser, Jones, was entitled to a sheriff's deed by the description under which it was sold, and if the sheriff made a mistake in describing the land he should have made another deed, and kept on making until the purchaser received a deed properly describing the land as " Hagey's Bend," or lot 2, section 30, township 65, range 37, Nodaway county. *Thornton v. Miskimmon,* 48 Mo. 219; *Ware v. Johnson,* 55 Mo. 500; *McPike v. Allman,* 53 Mo. 551. All the essential recitals were contained in the first sheriff's deed to Jones, except a proper description of the land. And we submit, that if the land was sold by a proper description, or by one well known so that the property sold could be intelligibly distinguished and identified, then Jones was entitled to a deed containing such proper description, and the sheriff

should have made it to him, and when so made it would relate back to the time of sale, and cut out all intermediate purchasers with notice, such as plaintiff was proved to be. *Thornton v. Miskimmon*, 48 Mo. 219 ; *Harris v. Vinyard*, 42 Mo. 568 ; *Wilhite v. Wilhite*, 53 Mo. 71.

5. After Jones' purchase and payment of the purchase money nothing the sheriff could do or fail to do, could affect the validity of the sale, nor Jones' right to the land, and a proper deed therefor. He had no control over the sheriff after that and so far as he was concerned, the sheriff need make no return of the sale at all. *Buchanan v. Tracy*, 45 Mo. 437.

*John Edwards* for respondent.

The court below treated the amended deed of T. K. Beal, made March 22, 1875, as a nullity, for the reason that the levy, report and advertisement of sale of November 2, 1863, all contained the same description as that contained in the deed made in pursuance of such sale November 4, 1863. Beal, who made the sale and both deeds, testified that he procured the description, which he inserted in the amended deed, from the tax book, and from the surveyor and the old deed of November 4, 1863. The second deed, then, was no amendment, for the old deed correctly recited the levy, notice and report of sale as they actually occurred. The so-called deed was therefore a gross fraud, containing false recitals, and was made on an *ex parte* application of Beal, who was instigated by defendants, in so doing, to bolster up their defense in this action. Plaintiff had no notice of the proceeding and the amended deed should never have been made, *Scruggs v. Scruggs*, 46 Mo. 271. Such amended deeds cannot be made so as to work injustice to strangers. *Alexander v. Merry*, 9 Mo. 510 ; *Jackson v. Bard*, 4 Johns. 230 ; 2 Washburn on Real Prop., (2d Ed.) book 3, Cap. 4, Sec. 2, par. 46, p. 619. Amended sheriff's deeds are analogous to *nunc pro tunc* judgments;

there must be some certain memoranda or basis, showing that the proposed amendments are in conformity to the facts; *Hovey v. Wait*, 17 Pick. 196; *Hyde v. Curling*, 10 Mo. 359.

NORTON, J.—This is a suit in ejectment, instituted in the Nodaway circuit court, for the recovery of lot 2, section 30, township 65, range 37, containing $37\frac{11}{100}$ acres, in said county. Defendants in their answer admit that they were in possession of the land, but deny that such possession was wrongful. They allege that on the 29th day of April, 1861, one Robert R. Russell owned the land in question, and that on that day judgments were rendered against him in the circuit court of Nodaway county, upon which, executions were issued to the sheriff, who levied the same on said land; that said land was offered by him for sale at the November term, 1863, of said court, and was sold to one Jones for the price of $10.25 per acre; that the sheriff in executing a deed to said Jones, defectively described the land so as to convey only one-fourth instead of the whole tract; that the plaintiff was present at said sale, and bid for said land; that the sheriff, who made the sale, executed in 1875, after his term of office expired, a second deed to Jones, correcting the mistake in the former deed, and conveying the whole of lot 2; that in 1865, Henry Jones conveyed the land to defendant, Elizabeth Johnson, by the same description as that contained in the deed first made by the sheriff. It was further alleged that the plaintiff, with full knowledge of defendant's right to the land, through the sheriff's sale to Jones purchased the same at sheriff's sale made in 1866, under an execution which issued on a judgment rendered against said Russell subsequently to those under which Jones bought. The new matter set up in the answer was denied by replication. The cause was tried by the court, and judgment rendered for plaintiff, for all the lands in dispute, except the n $\frac{1}{2}$ of w $\frac{1}{2}$ of lot 2, from which defendant has appealed. No in-

structions were given, and no exceptions were made to the reception of evidence, and the error complained of is that the judgment was against the evidence. Both parties claim title under R. R. Russell who entered the land, and plaintiff, in support of his title, offered the plat book of original entries, showing that section 30, township 65, range 37, was divided into lots numbered from one to fifteen inclusive, lot 2 being one of them and containing 37 acres; also, the record of a deed executed by one Alexander, as sheriff of Nodaway county, by virtue of a sale made on the 12th of March, 1866, under an execution issued on a judgment against Russell, May 1, 1865. This deed described the land as lot 2 of ———— quarter, section 30, township 65, range 37, containing 37 acres. Defendants in support of their title offered a deed from T. K. Beal, sheriff of said county, dated 4th November, 1863, conveying to one Jones the n ½ of w ½ of lot 2 of s w ¼ Sec. 30, T. 65, R. 37, by virtue of a sale made on the 2d of November, 1863, under two executions which issued on two judgments rendered against Russell on April 29th, 1861, and May 1st, 1861, respectively; also, another deed from said Beal after the expiration of his term of office to Jones, dated March 22nd, 1875. This second deed was in all respects the same as the first deed, except it described the land as lot 2, in Sec. 30, T. 65, R. 37, and was made, as shown by the evidence, to correct what was claimed to be a mistake in the description of the land as contained in the first deed. Defendants also offered other deeds showing that they had derived from Jones and his heirs all their title. Beal, the sheriff, testified that, when he made the sale in 1863, he intended to levy upon and sell the 37 acre tract, that it was in Sec. 30, T. 65, R. 37, that he did not remember the description, that it was bid off at $10 per acre, that he sold the land by the description in the first deed to Jones, that the last deed made by him was to correct the mistake in the first one, that he got the description of the land as contained in the second deed from the surveyor,

the tax books and the first deed, that he could not find the original execution.   The evidence also showed that Ware, the plaintiff, attended the sale in 1863, at which Jones bought, for the purpose of buying lot 2, Sec. 30, T. 65, R. 37, and asked the sheriff if he was selling the land by the description in the advertisement, and upon being informed that he was, left without bidding.   It also showed that, at the sale made in 1866 by Sheriff Alexander, at which plaintiff bought the land in question, defendants appeared, forbade the sale, and claimed the land under Jones' purchase made in 1863, that plaintiff looked at Beal's deed to Jones, and said that it did not convey the land then offered for sale by Alexander, that the land conveyed was in s w qr., and the land about to be sold was in n e qr.   The plaintiff offered by way of rebuttal the original execution, levy and report of sale made by Beal in 1863, which showed the description of the land to be the "n $\frac{1}{2}$ of w $\frac{1}{2}$ of lot 2 of s w qr. Sec. 30, T. 65, R. 37, 37 acres."   It was shown that the land was advertised by the same description, and by Beal himself, that he sold according to this description.   The trial court in deciding the case must have disregarded the amended or second deed made to Jones in 1875, and treated it as a nullity, and the main and real question in the case is whether the sheriff, Beal, under the above facts shown in evidence could make such an amended or new deed.

A sheriff, who actually levies on a piece of land and sells the same, as levied upon, and by mistake misdescribes the land in his deed, may, under the supervision of the court from which the process issued, make a new deed, which will, as to parties and privies and all purchasers having notice, relate back to the time of the sale and pass the title from that date.   *Ware v. Johnson et al.*, 55 Mo. 500. The object of such amendments is to make the deed conform to the real facts of the case, and there should always be something to amend by:   *Hovey v. Wait*, 17 Pick. 196. In this case the sheriff who made the sale testifies that he

sold the land by the description contained in the first deed made by him, and the execution under which he sold, with his levy and return endorsed thereon, shows that it was described as set forth in the deed, and the other evidence in the case shows that it was advertised by the same description, and was sold according to the advertisement. We cannot perceive how, in the face of these facts, the sheriff could make an amended deed to correct a mistake in the description in the first deed, for they clearly show that in the first deed the sheriff described the land as he had levied upon, advertised and actually sold it. To give force to such a deed and allow a sheriff to amend and contradict his levy, advertisement and report of sale, and convey in the amended deed land which he neither levied upon, advertised nor sold, would be laying down a rule whereby the property of debtors might be sacrificed and swept away. It is, however, insisted that at the sale it was understood by the bidders that the land was in "Hagey's bend," on Nodaway river, and that the sheriff so said, and that it was sold by the acre, as containing 37 acres, and this authorized the making of the amended or second deed. This we think can make no difference, as it clearly appears that the land was levied upon, advertised and sold by a description as particular as if it had been marked by boundaries describing each line and corner, and if with this particular description it was further described as being in "Hagey's bend," and containing 37 acres, the quantity would be rejected if inconsistent with the actual area of the premises particularly described. *Campbell v. Johnson*, 44 Mo. 248; *Hartt v. Rector*, 13 Mo. 497. With the concurrence of the other judges, the judgment will be affirmed.

AFFIRMED