Wood v. Murphy.

H. C. WOOD, Appellant, v. W. P. MURPHY, Respondent.

Kansas City Court of Appeals, January 18, 1892.

1. **Deeds : DESCRIPTION : GOVERNMENT : SUBDIVISION : ACREAGE : FRAUD.** The mention of quantity of acres, after a certain description, as by government subdivisions, is but matter of description, and does not amount to any covenant ; and, where such mention of acreage does not appear to be of the essence of the contract, the buyer takes the risk of the quantity, if there be, as in this case, no intermixture of fraud.

2. ——— : ——— : SALE IN GROSS : DEFICIENCY. In a purchase of a thing in gross as a farm, as containing a certain number of acres by certain boundaries, then if the transaction be *bona fide* the sale will be binding whether the farm contains more or fewer acres, unless the excess or deficiency is so very great as to naturally raise the presumption of fraud or gross mistake in the very essence of the contract, and a deficiency of seventeen acres in a farm of two hundred and sixty-one acres does not raise such presumption.

Wood v. Murphy.

3. ———: CONTEMPORANEOUS PAROL AGREEMENT. Where parties have reduced their contract to writing, it will be conclusively presumed, in the absence of fraud, accident or mistake, that such writing includes the whole engagement and the extent and manner of the undertaking.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*C. C. Fogle* and *E. Higbee*, for appellant.

Where the owner of a farm innocently but untruly states the quantity of land contained therein, and a purchaser relying thereon enters into a contract and takes a deed, and subsequently discovers that the quantity is less than stated, he is entitled to compensation. This is the prevailing rule even though the words "more or less" are added. The presumption is that the element of quantity enters into the transaction and affects the consideration agreed to be paid, and is deemed material by the parties although the sale is in bulk and not by the acre. *Paine v. Upton*, 87 N. Y. 327 (1882), and cases reviewed; *Sweezy v. Collins*, 36 Iowa, 589; *Holmes v. Clark*, 10 Iowa, 423; *Hallam v. Todhunter*, 24 Iowa, 166; *Hosleton v. Dickinson*, 51 Iowa, 244, citing Kerr on Fraud & Mistake, 65; *Keyes v. Mann*, 63 Iowa, 560; *Hill v. Buckley*, 17 Ves. 394; *Darling v. Osborne*, 51 Vt. 148; *Starkweather v. Benjamin*, 32 Mich. 305, 306; *Wheeler v. Boyd*, 69 Tex. 293; *Hays v. Hays*, 25 N. E. Rep. (Ind.) 600; *Tarbell v. Bowman*, 103 Mass. 341; *Camp v. Norfleet*, 83 Va. 380; s. c., 5 S. E. Rep. 374; *Sergeant v. Linkous*, 83 Va. 664; s. c., 5 S. E. Rep. 295; *Nelson v. Carrington*, 4 Mumf. (Va.) 332; *Truplett v. Allen*, 26 Grat. 721; *Seegar v. Smith*, 78 Ga. 616; s. c., 3 S. E. Rep. 613; *Beall v. Burkhalter*, 26 Ga. 564, 567; *Smith v. Kirkpatrick*, 79 Ga. 410; s. c., 7 S. E. Rep. 258; *Sine v. Fox*, 33 W. Va. 521; s. c., 11

Wood v. Murphy.

S. E. Rep. 218 ; *Nichols v. Cooper*, 2 W. Va. 347 ; *Mendenhall v. Steekel*, 47 Md. 453 ; *Hoover v. Lenseman*, 3 Cent. Rep. ( Pa.) 540 ; *Mulvey v. King*, 39 Ohio St. 491 ; *Couse v. Bayles*, 4 N. J. Eq. ( 3 Green.) 212 ; *Pharr v. Russell*, 7 Ind. Eq. 222 ; *Moredock v. Rawlings*, 3 T. B. Man. ( Ky.) 73 ; *Russell v. Greenwade*, 4 S. W. Rep. (Ky.) 295 ; *Wilcox v. Galloway*, 67 N. C. 463 ; *Clark v. Leigh*, 79 Ala. 346 ; *Summons v. Laird*, 1 Miss. 159 ; Willard's Eq. [Potter's Ed. 1875] star p. 72 p. 75, ch. 2 ; Sugd. Vendors, p. 324, top p. 489 ; 2 Luth. Dam. 249, note 5 ; 3 Wash. R. P. [3 Ed.] 418, bot. p. 727, ch. 5, sec. 36 $a$ ; 2 Wh. Ev., ch. 12, end of sec. 945, p. 100 ; sec. 1028, p. 192 ; 2 Lead. Cases, Eq. [ 4 Am. Ed.] pt. 2.

*Shelton & Dysart*, for respondent.

( 1 ) When land is sold in bulk for a gross sum and not by the foot or the acre, and there is no fraud or wilful misrepresentation or concealment amounting to fraud, and the description is definite—by metes and bounds, governmental subdivisions or other certain description, and there is no special covenant or averment as to quantity, then a call for quantity in the conveyance, whether qualified by the words more or less or other equivalent words or not, is merely descriptive, and if it does not correspond with the quantity within the boundaries given yields to the description, and the grantee takes all within the boundaries given, be the same more or less than the quantity stated, and can have no relief on account of a deficit, either on the covenants by way of recoupment nor directly for damages. 4 Kent's Com. [ 7 Ed.] 514–516 ; *Mann v. Pearson*, 2 Johnson's Ch. 37 ; *Smith v. Evans*, 6 Bing. 102 ; *Phillips' Heirs v. Porter*, 3 Ark. 18 ; 36 Am. Dec. 448 ; *Powell v. Clark*, 5 Mass. 355 ; *Jackson v. Moore*, 6 Cowen, 706 ; *Allison v. Allison*, 1 Yerg. 16 ; *Beach v. Stearns*, 1 Aik. 325 ; *Root v. Puff*, 3 Barber, 353.   The

language of the deed in this case was, "There being in the lot one hundred and thirty-five acres strict measure," and relief was denied. *Horrell v. Hill*, 68 Am. Dec. 202 ; *Stebbins v. Eddy*, 4 Mason, 414 ; *Weaver v. Carter*, 10 Leigh, 37 ; *Eubanks v. Hampton*, 1 Dana, 343–344 ; *Brown v. Parish*, 2 Dana, 2 ; *Jackson v. McConnell*, 19 Wend. 175 ; *Galbreath v. Galbreath*, 6 Watts, 117 ; *Large v, Penn.* 6 S. & R. 488. In this case the quantity stated without qualifying words was two and three-fourths acres ; that actually conveyed was one acre and one hundred and forty-eight perches, the contract fully executed, relief denied. 3 Washburn's Real Property [ 3 Ed.] 348 ; *Noble v. Googins*, 99 Mass. 231 ; *Canal Co. v. Emmett*, 9 Pa. 168 ; 1 Story's Eq., secs. 144, 195 ; *McEvoy v. Loyd*, 31 Wis. 142 ; *Ufford v. Wilkins*, 33 Iowa, 110 ; Martindale on Conveyances, sec. 107 ; *Hess v. Cheney*, 3 S. Rep. 791 ; *Campbell v. Johnson*, 44 Mo. 247 ; *Evans v. Temple*, 35 Mo. 494–498, 499 ; *Baker v. Clay*, 101 Mo. 553–558 ; *Moran v. Lozette*, 54 Mich. 83 ; *Tyler v. Anderson*, 3 W. Rep. 661 ; *Ketchum v. Stout*, 20 Ohio, 453 ; *Hershey v. Keenbortz*, 6 Barr. 128. ( 2 ) When the land is specifically and definitely described in the instrument by which it is conveyed, a recital in the same clause, with the description that the tract conveyed contains a specific quantity, is mere description, and will not operate as an implied warranty that the tract conveyed contains the number of acres or quantity specified. *Andrews v. Rue*, 34 N. J. L. 402 ; *Fuller v. Carr*, 33 N. J. L. 157 ; *Smith v. Negbauer*, 42 N. J. L. 305 ; *Elliott v. Weed*, 44 Conn. 19 ; *Armstrong v. Brownfield*, 32 Kan. 116 ; *Powell v. Clark*, 5 Mass. 355 ; *Jackson v. Barringer*, 15 Johnson, 472.

GILL, J.—On December 12, 1889, defendant Murphy sold and conveyed by warranty deed to plaintiff Wood a tract of land adjoining the town of Lancaster, Missouri, for the gross sum of $5,750. In the deed the land

was described by its governmental subdivisions, except-
ing therefrom, in a description by metes and bounds, a
half acre adjoining the town site, which was reserved
by the grantor. At the conclusion of these descriptive
portions of the deed, these words were added, *"contain-
ing two hundred and sixty-one, and twenty-seven
hundredths acres."* Several months after the making of
this purchase plaintiff had the land surveyed, and it
seems discovered a shortage in the number of acres (as
stated in the deed), as instead of two hundred and
sixty-one acres he found there were only two hundred
and forty-four acres. For this alleged deficiency of
seventeen acres he sued the defendant for a return of a
portion of the purchase price. In his petition also,
plaintiff claims that defendant, in reserving the half
acre of land, agreed to build a dwelling thereon to cost
not less than $1,500; that, while such undertaking was
not written on the face of the deed, yet such was the
agreement, and the same was not inserted because of
certain assurances given by defendant and his attorneys,
etc. In this count plaintiff asks a modification and
correction of the deed, so as to include this feature of
the contract; and that on the contract so made plain-
tiff asks judgment for forfeiture of the half-acre tract to
him, or for the payment of damages on account of
defendant's failure to erect the house as he agreed to
do. On the trial in the circuit court, the finding and
judgment was for defendant and plaintiff appealed.

I. *First*, now as to the claim of deficiency in acres.
On facts similar to those we have here, there has been a
great variety of litigation in the different courts of the
land; and, while some general rules have been announced
and adhered to, it is yet impossible to harmonize the
decisions of the different judges. In this state, how-
ever, we have indorsed the views of Chancellor KENT,
who has said: "In the description of the land con-
veyed, the rule is that known and fixed monuments
control courses and distances. So the certainty of

metes and bounds will include and pass all lands within them, though they vary from the given quantity expressed in the deed. The least certain and material parts of the description must yield to those which are the most certain and material, if they cannot be reconciled. * * * The mention of quantity of acres, after a certain description of the subject by metes and bounds or by other known specifications, is but *matter of description*, and does not amount to any covenant or afford ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given amount. Whenever it appears by definite boundaries etc., that the statement of the quantity of acres in the deed is a mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case." 4 Kent's Com. 466; 3 Washb. Real Prop. [5 Ed.] 427; Tiedeman on Real Prop. sec. 840; *Campbell v. Johnson*, 44 Mo. 248; *Hart v. Rector*, 13 Mo. 497; *Ware v. Johnson*, 66 Mo. 668; *Baker v. Clay*, 101 Mo. 558.

The enforcement of the doctrine thus stated must preclude plaintiff's recovery for the alleged deficiency in acres, *unless* indeed defendant was guilty of fraud in the transaction, and the evidence gives no color to such a charge as that.

Defendant's entire good faith is shown; in estimating the number of acres in the farm he was controlled by the amounts stated in his title deeds and the government plats filed in the recorder's office. From these it appeared that the number of acres was, to a fraction of an acre, the same as mentioned in the deed. There is no question but that the land was definitely and properly designated by boundaries; and if the number of acres named in the deed is inconsistent with the description by metes and bounds, then such additional words, "containing two hundred and sixty-one and twenty-seven-hundredths acres," must be rejected.

For case in point see *Powell v. Clark*, 5 Mass. 355. We might repeat here, as was there said by Chief Justice PARSONS : "If the boundaries of the tracts had included *more* acres than the quantity expressed, yet all within these boundaries, which the defendant had a right to convey, would have passed by the deed; so if less was contained the plaintiff has title only to what was in fact included. In his purchase he must, therefore, be considered as relying on the boundaries described and not on the contents mentioned."

This was not a sale *by the acre*, but rather the conveyance of certain defined land for a gross sum. Defendant, it is true, gave his estimate of the number of acres and so stated it in the deed, but the basis of this estimate was at the time known to the plaintiff. Judge STORY says : "If a purchase is made of a thing in gross, as for example of a farm, as containing in gross by estimation a certain number of acres by certain boundaries; then if the transaction be *bona fide*, and both parties be equally under a mistake as to the quantity, but not as to the boundaries, the sale will be binding on both parties, whether the farm contain more or fewer acres." 1 Story Eq., secs. 144, 195. See, also, *Noble v. Googins*, 99 Mass. 235. This rule is relaxed only in cases where the excess or deficiency is *very great*, such as would. "naturally raise the presumption of fraud or gross mistake in the very essence of the contract." *Noble v. Googins, supra*, and authorities cited. This surely cannot be classed as one of these cases. A deficiency of seventeen acres in this rather large body of land worked no very great hardship on the plaintiff. He himself testifies that, even admitting the shortage, the land purchased was then worth much more than he paid for it.

II. As to the claim made on account of defendant's failure to erect a house on the half acre reserved, it is sufficient to say that no such undertaking is specified in

the written contract between the parties, nor can the plaintiff be permitted to add such contemporaneous parol agreement to the writing. " Where parties have reduced their contract to writing, it will be conclusively presumed, in the absence of fraud, accident or mistake, that such writing includes the whole engagement and the extent and manner of the undertaking." *Morgan v. Porter*, 103 Mo. 135. Nor was there sufficient evidence on the equity count to correct the deed, to warrant the court in inserting an obligation on defendant to build the house.

The judgment in this case was for the right party, and must be affirmed. All concur.