Louis Hausmann, Respondent, v. Samuel T. Adams, Appellant.

St. Louis Court of Appeals, February 25, 1896.

, Vendor and Vendee: RECOVERY BY LATTER FOR DEFICIENCY IN ACREAGE OF LAND SOLD. Land was sold by the acre and contained less acres than was assumed by all the parties. The description in the conveyance, which was by warranty deed, failed, owing to the mistake of the scrivener, to state the metes and bounds of the land or to at all identify the land. The vendee sued at law for a part of the purchase money corresponding to the shortage in the acreage, and the vendor by answer sought a reformation of the description. *Held*, that the vendee was entitled to judgment for the shortage in connection with a decree for such reformation.

*Appeal from the Franklin Circuit Court.*—Hon. Rudolph Hirzel, Judge.

Reversed and remanded (*with directions*).

*Thomas B. Crews* for appellant.

The court having reformed the deed in accordance with defendant's prayer for affirmative relief, the remaining issues in the case are to be considered in the light of this correction, and as if the deed had, in terms, originally embraced the description inserted therein by the decree of the court. Bliss on Code Pleadings, secs. 348, 349, 350; *Barlow v. Elliott*, 56 Mo. App. 374; *Allen v. Logan*, 96 Mo. 591, 597; *Conger v. Parker*, 29 Ind. 380; *Cramer v. Benton*, 60 Barb. 216; *Barnes v. McMullins*, 78 Mo. 260, *loc. cit.* 271. The deed comprised the whole contract between the parties. It was not (as reformed) ambiguous or indefinite, and required no extraneous evidence to explain it. Parol evidence was inadmissible to vary or

Vol. 65 app—18

contradict it.. *Tracy v. Union Iron Works*, 104 Mo. 193; *Boyd v. Paul*, 125 Mo. 9. In an action at law, parol evidence is not admissible to vary a contract for the sale of land. *Ringer v. Holtzclaw*, 112 Mo. 519; *Harding v. Wright*, 119 Mo. 1. The deed (as reformed) described the land by monuments, courses and distances. The premises were by these means definitely described. The enumeration of quantity following said description was not of the essence of the description; it was surplusage. *Ferguson v. Dent*, 8 Mo. 668, 672; *Dryden v. Holmes*, 9 Mo. 136; *Pecare v. Chouteau*, 13 Mo. 527; *Orrick v. Bower*, 29 Mo. 210; *Evans v. Temple*, 35 Mo. 494; *Whitehead v. Ragan*, 106 Mo. 231; *Carr v. Lackland*, 112 Mo. 442, 447; Rawle on Covenants, sec. 297; 3 Washburn on Real Property [4 Ed.], p. 405. And evidence as to quantity, and as to whether said land was bought "by the acre," was immaterial and incompetent. *Bell v. Jamison*, 102 Mo. 71, 75; *Campbell v. Johnson*, 44 Mo. 247. The deed from Adams to Hausmann contained no warranty other than the general warranty of title to the lands within the said monuments, courses and distances. There was no breach of the covenants in the deed. *Wood v. Murphy*, 47 Mo. App. 539.

*John W. Booth* for respondent.

ROMBAUER, P. J.—The defendant sold to the plaintiff several tracts of adjoining land constituting a farm, and executed to him a deed therefor containing the following description: Part survey number 2687, south of railroad, section 24, township 44, range 1 east, containing thirteen and fifty hundredths acres; part survey number 1914, northeast fractional, southwest railroad, section 25, township 44, range 1 east, containing two hundred and sixteen and twenty-five

hundredths acres; northeast part survey number 733 in section 25, township 44, range 1 east, containing one hundred and forty acres. The lands at the date of the sale were in possession of a tenant, who at once attorned to the plaintiff. The plaintiff caused two surveys of the land to be made, one of which showed their quantity to be three hundred and fifty-nine and thirty-two hundredths acres, and the other showed the quantity to be three hundred and fifty-four acres. As the aggregate quantity of the land which defendant's deed purported to convey to the plaintiff was three hundred and sixty-nine and seventy-five hundredths acres, the plaintiff demanded from the defendant a return of part of the purchase money corresponding with the deficiency in quantity, and upon defendant's failure to return it, the plaintiff instituted the present action, being a suit at law, for the recovery of $787.50 paid by plaintiff to defendant without consideration. The plaintiff's petition stated that he bought the land at so much per acre; that the purchase money was determined by quantity, and that the aggregate consideration was determined by quantity.

The defendant answered stating that, when he sold the land to the plaintiff and delivered the deed, the boundaries of the land were well known to both parties, but by mistake of the scrivener were not inserted in the deed, and he prayed for a reformation of the deed so as to show the true boundaries of the land. In other respects the defendant denied the allegations of the plaintiff's petition.

The court, upon hearing the evidence adduced by both parties in support of their respective claims, made the following decree:

"Now come the parties, plaintiff and defendant herein, and this cause is submitted to the court for hearing and determination, and, the court, having

heard the evidence adduced by the parties, and being fully advised of all and singular the matters and things herein, doth find the issues for the plaintiff, and doth find that the following described lands and premises, situated in the county of Franklin, and state of Missouri, to wit:   A tract of land, being parts of United States surveys, numbers 2687, 1914, and 733, and part of fractional section 25, particularly described as follows:   Beginning at the intersection of the east line of United States survey number 367, with the south line of the right of way of the Missouri Pacific Railway, thence running south twenty-seven and one half degrees east twenty-four and fifty hundredths chains, thence north sixty-six and one half degrees east nineteen and twenty hundredths chains, thence north seventy-nine degrees east seven and seventy-three hundredths chains, thence south seventy-two degrees east twenty-nine and seventy-three hundredths chains to a point in the west line of survey number 1914, thence south thirty-two degrees east twelve and and forty-five hundredths chains to the southwest corner of said survey number 1914, thence north sixty-seven and one half degrees east fifty-five and twelve hundredths chains to the southeast corner of said survey number 1914, thence north sixty-seven and one half degrees east to the right of way of said railroad, thence along the east and south boundary line of said right of way to the place of beginning, belonged in fee simple to defendant Adams at the time of the making of the contract of sale alleged in plaintiff's petition, and at the time of the execution and delivery of the deed in said petition mentioned; that said lands are the identical lands contracted to be sold and conveyed by and between plaintiff and defendant in and by the contract in said petition alleged, and the identical lands by defendant Adams intended to be conveyed by said

deed, and of which defendant Adams, under said contract and deed, transferred actual possession to plaintiff Hausmann; that said lands contained three hundred and fifty-four and seventy-five hundredths acres, and no more. It is, therefore, by the court considered, adjudged and decreed, that the said deed be corrected and reformed, and particularly described by the description hereinbefore given of said lands, and that the fee simple title of, in and to, said lands be vested in plaintiff, and that plaintiff have and recover of defendant, for and on account of the deficiency of fifteen acres in the quantity of said lands which the court finds to be the difference between the actual acreage of said land and the assumed acreage upon which the aggregate of the purchase money was between the parties estimated, and on account of the money paid by plaintiff to defendant as a part of such estimated purchase price, and in fact paid without consideration, the sum of $750 with interest from February 18, 1893, to this date, at six per cent per annum, amounting, principal and interest, to $836.50, and that plaintiff have and recover his costs in this behalf expended, and have thereof execution.''

The defendant appeals and assigns for error the admission of illegal evidence for plaintiff, and also that upon the entire record the decree is unwarranted.

The plaintiff offered evidence tending to show that, when he first approached the defendant, and from that time on until the negotiations for the sale were concluded, the trade between himself and the defendant was conducted, not upon a basis of an aggregate price for the entire farm, but at a price of so much per acre. It appeared that a plat was exhibited to the plaintiff in the course of negotiation, but it is not even pretended that such plat accurately exhibited all the boundaries of the land conveyed, or that they were pointed out to

the plaintiff. The defendant himself testified: "He (plaintiff) asked me number of acres. I said, generally called it three hundred and seventy acres, but it lacked a fraction of that amount. He asked what per acre that would amount to, and I said $50 per acre. I was satisfied with the number of acres I proposed to sell them, believed it was there. I said to Hausmann, will make you a deed of that land at three hundred and sixty-nine and three-fourths acres if you want it. I told Hausmann that I had never had the land surveyed, and did not think it necessary; that I was satisfied the number of acres were there, and I wanted a certain amount of money for that many acres *at so much per acre.*"

After the plaintiff had the first survey made, which showed a shortage of about ten acres, he wrote to the defendant making a reclamation. To this letter the defendant replied under date of May 25, 1894: "Received your letter in reference to survey of land. If the surveyor had taken the trouble to have the correct bearings of the different pieces of land, *his work would have shown the number of acres sold you.* The mistake is entirely with your surveyor." It was not until several months thereafter that the defendant assumed the position that he sold a farm by metes and bounds, and never warranted any quantity. Even then he wrote: "I feel some hesitation in accepting this survey as conclusive. Under all the circumstances I can not admit any liability on my part."

In this connection it is proper for us to state the law applicable to this state of facts. A complete description of land enumerates monuments, courses and distances, and the quantity conveyed. The relative value of these elements of description is in the order in which they are named. The reason of the rule is that in all cases of contradiction between the different elements the one should control about which

there is the least likelihood of mistake.  But this is not a cast iron rule, and, whenever the deed bears internal evidence of the fact that the recognition of an .ordinarily inferior element of description will best carry out the intention of the parties, the rule will give way, and even quantity will control when it it clear that quantity furnished the consideration.  *Pierce v. Faunce*, 37 Me. 63; *Kirkland v. Way*, 3 Rich. (S. C.) Law, 4.  The case at bar is almost identical with *Talbott v. Mason's Ex.*, 2 McCord, 440, where, upon a similar deed, a recovery for the deficiency was upheld.  Here, as in that case, there is no *contradiction* between the calls in the deed.  In fact, without taking the quantity and actual possession of the plaintiff into consideration, the deed furnishes no elements whatever for the location of the land conveyed.  This distinguishes the case from *Evans v. Temple*, 35 Mo. 494, and *Wood v. Murphy*, 47 Mo. App. 539, which are relied on by defendant.

In reply to this argument, which seems to be unanswerable, the defendant advances this peculiar proposition.  The question of the reformation of the deed, sought by the defendant's answer, had to be determined in advance of the other issues presented by the pleadings.  As the court has reformed the deed in accordance with the defendant's affirmative prayer for relief, the remaining issues in this case are to be considered in the light of this correction, and as if the deed had in terms originally embraced the description inserted therein by the decree of the court.  Hence the defendant argues that, as the reformed deed gives monuments, courses and distances, these must govern in determining the land conveyed, regardless of the quantity mentioned.

This argument, which is more ingenious than sound, loses sight of the fact, that the court by the

same decree which reforms the deed finds that the parties dealt upon the footing of *quantity*. The court could not make a decree conveying to the plaintiff by metes and bounds more land than the defendant possessed, nor was it necessary to state in the decree that the quantity originally conveyed by the defendant was *warranted*, since the decree starts out by finding that issue for the plaintiff, and winds up by awarding him $836.50 for the shortage. The plaintiff was entitled to further assurance under the covenants of defendant's deed (sec. 2402 of the Revised Statutes of 1889), and the decree of the court, as far as it rectifies the description, amounts to no more than such further assurance by making a description intelligible which formerly was senseless.

But, while we are clear that the merits of the case, as far as the cause of action is concerned, rest with the plaintiff, we are equally clear that upon the whole evidence the damages awarded are excessive. The first survey was made by one Chiles, and the second by one Mader. The first reported the shortage at ten and forty-three hundredths acres, and the second at fifteen and seventy-five hundredths acres. The court found the shortage to be fifteen acres, and hence seems to have adopted Mader's survey as the correct one in the main, although the record furnishes no satisfactory explanation of the difference of more than five acres between the two surveys. The land is an irregular shaped oblong body, bounded on the north and east by the right of way of the Pacific Railroad, as will be seen by a copy of Mader's plat of the survey, which we hereto annex:

U.S.Survey 376

N27¼W 2450 to R.R.

3 acre N27W 35 links from original corners

5166

Missouri Pacific R.R.

U.S Survey No. 2637

9 64½ W 19.20 Sta.W713

U.S. survey 793 Amb.Bowles

195.78 acres in U.S.Survey No.733 South of Railroad

13.50 acres in Survey 2687 South of R.R.

Total 354.00

211.72 Acres in U.S.Survey No.1914 S½.30 T44NR1E

Surveyed by Th. Mader. Sept. 1894

LOUIS HAUSMANN

354 Acres Railroad Excluded

U.S.Survey No. 1914

N72°W 26.13

ASH STUMP 24.85

S675/E 5512 to center R.R.

Range Line for 182 feet

48.40

Buschey

County Road

Fr.S½.25

(Railroad takes 18 acres from original tracts)

The length of the right of way of the Pacific Railroad adjoining this land is not given in Mader's survey or in his plat, but it appears by the deeds made by the defendant's grantors in January, 1854, that such entire length is ten thousand, one hundred and eight feet. These deeds describe the land conveyed by the railroad company as bounded by a line so many feet distant from the center line of the road as then located. Both surveyors, in deducting from the area of the defendant's land, that portion covered by the right of way of the Pacific Railroad, assumed that the center line of such railway lands was the center line of its present tracks. That this assumption was erroneous clearly appears from the uncontradicted evidence of the defendant, who testifies that in 1858 or 1859 the track of the railroad, owing to some quicksands on its then location, was moved fifty feet inwards toward his lands, and who furthermore testified, when recalled by the court, that the entire length for which it was so moved was between a quarter and half a mile. There is nothing in the record questioning the truth of this evidence, and it seems to be conclusive of the question that both surveyors erroneously deducted from the area of the lands a certain quantity varying between one and a half and three acres. As, moreover, it nowhere appears that the survey of Mader was entitled to greater consideration than that of Chiles, the court might with propriety have assumed the medium between the two as the true shortage, as both were witnesses for plaintiff. If we deduct from such medium the shortage caused by an error of fact, the shortage as reported by Chiles is left as approximately the true shortage. The court could with propriety have adopted that, as it clearly appears that the plaintiff himself was at one time willing to settle on that basis.

In order to avoid the expenses of a resurvey according to accurate data, which at this late day may be difficult of access, we will reverse the judgment and remand the cause with directions to the trial court to enter a decree for plaintiff on the basis of a shortage of ten and forty-three hundredths acres, leaving the decree in other respects undisturbed, costs of this appeal to be paid by respondent. So ordered. All the judges concur.