ORRICK *et al.*, Defendants in Error, v. BOWER *et al.*, Plaintiffs in Error.

1. Where an administrator's deed conveying lands refers to the report of sales made by the administrator to the county court, such report, together with a plat of lots sold accompanying it, will be regarded as incorporated with the deed for purposes of construction and interpretation; they will be admissible in evidence to determine the boundaries of the land conveyed by the administrator's deed.
2. A call for quantity in a deed must yield to a more definite description by metes and bounds.

*Error to St. Charles Circuit Court.*

This was an action in the nature of an action of ejectment to recover possession of a piece of land containing one 62-100 acres. Both plaintiffs and defendants claim title under Nicholas Janis, deceased—the plaintiffs by virtue of deeds from the heirs of said Janis, and the defendants under a deed from the administrator of said Janis. The administrator in this deed recited an order of sale made by the county court

of St. Charles county, the proceedings under this order, the report of the administrator to the court, and the approval thereof by the court. Accompanying this report was a plat of the lots sold. Lot eight, as marked out upon this plat, did not include the land in controversy, and contained three 97-100 acres only. This report and the accompanying plat were admitted in evidence against the objection of defendants. The defendants asked the court to " decide that if the estate of Janis, at the date of the administrator's sale, owned the land south of lot eight, then the deed will be extended south so as to include the quantity of · five 59-100 acres mentioned in said deed ; that the call in said deed for its southern boundary can not limit the quantity called for in said deed."

*C. Wells*, for plaintiffs in error.

I. The court erred in admitting the report of the administrator to limit the amount of land conveyed.

II. The court also erred in admitting the plat attached to the report. It conflicts both with the report and the deed.

III. The court erred in refusing the instruction asked.

*E. A. Lewis*, for defendants in error.

I. The administrator's report and the accompanying plat were properly admitted. (16 Mo. 124 ; 9 Mass. 161 ; 3 Binn. 455 ; 17 Mass. 207 ; 2 Ohio, N. S. 361 ; 21 Pick. 135 ; 14 Mass. 149 ; 9 Cranch, 173 ; 4 Wheat. 444 ; 37 Maine, 63.) The quantity expressed in the deed is to be taken as a mere estimate and not a part of the description ; a discrepancy therein can not disturb the location of the boundary lines thus ascertained.

EWING, Judge, delivered the opinion of the court.

The first point that will be noticed is whether the court below erred in admitting as evidence the report of sale made by the administrator and the plat accompanying it. It is urged first, that the report could not be admitted to limit

the amount of land conveyed by the deed to defendants, because it is not referred to in the administrator's deed; and second, that the plat attached to the report was improperly admitted, because it conflicts with both the report and deed.

The report of a sale of real estate made by an administrator is the foundation of the title, and its approval by the court is his only authority for executing a conveyance; and when it is referred to in the deed, it thus becomes a part of it, and they are to be construed together as one instrument.

In this case, the statute on the subject of administration sales of real estate seems to have been duly complied with. The deed of the administrator shows that a full report of his proceedings was made to the county court, and that the same was duly approved. It is true, that there is no express reference in the deed to the plat; but the plat is referred to and made a part of the report, and thus becomes virtually a part of the deed, as much so as if it had been incorporated into the body of it.

The admissibility of the plat as evidence and its effect are different things, which seem to have been confounded in the second point made by counsel. If the plat, by reference in the deed, becomes a part of the latter, it is admissible for that reason irrespective of any supposed conflict that may appear between them. What its effect may be in this respect, or how far one may control the other in ascertaining the description of the land conveyed, is a question of interpretation, and not one of competency. In such cases, the writing referred to may or may not qualify the descriptive parts of the conveyance, and one may correct an erroneous description contained in the other, or even vary or add to as well as explain it.

But the objection is not well taken for another reason. The acceptance of the deed was an acceptance of the plat, which was a part of it; and the defendants, (plaintiffs in error,) are estopped from impeaching it. They claim title under the deed of the administrator, and set it up as a defence, alleging in their answer that the land in controversy was con-

veyed thereby. If they have title to any part of the land conveyed by that deed, the report and its approval is the basis of it. The land claimed by the plaintiffs in error is described in the deed as lot number eight, which is a small part of a large survey, and is described in part by reference to the land of third persons, which is also similarly designated on the plat. The plat is thus made a necessary means of identifying the land, and of ascertaining its relative situation to other lands sold by the administrator according to the plat, and which are referred to in the deed as its boundaries; and the plaintiffs in error, in claiming under the deed, rely also upon the report and plat.

The question in this case is one of boundary, and it relates to the southern boundary of the land conveyed by the deed of the administrator. In the deed it is described as "all the right, title and interest which Nicholas Janis at the time of his death had in and to the real estate, being lot number eight of survey No. 159, bounded south by part of said survey; west by lots of Henry Bower, Jean Komepeter and Henry Dave; north by Charlesworth's farm; and east by commons; containing five and 59-100 acres." The deed from the heirs of Nicholas Janis to Orrick (defendant in error) describes the land thereby conveyed as "a tract of land lying northward of the city of St. Charles, and including part of survey No. 159, originally confirmed to Nicholas Janis under Antoine Janis, together with lands lying southwardly of and adjoining said survey; the tract hereby conveyed being bounded on the north by the lands sold by Arnold Krekel, administrator of the estate of Nicholas Janis, deceased, to Rice and Barwise and to H. Bower; on the east by lot claimed by Henry Beckman; south by lot of Lorenzo Holmes; and on the west by the St. Charles and Marais Croché macadamized road; and being all the land there lying contiguously which belonged to the estate of Nicholas Janis, deceased, and which the parties of the first part claim by inheritance or otherwise."

It is contended by the plaintiffs in error that the land in

controversy must be embraced in the deed to Rice and Bar-
wise in order to make up the quantity therein stated to be
conveyed ; and that the southern boundary is so indefinite
as to authorize an extension in that direction for that pur-
pose.  On the contrary, the defendants in error insist that no
part of the land in dispute is included in lot number eight
according to the deed and plat.

If the boundaries of the land designated as lot number
eight can be ascertained from the deed with the report and
plat, the quantity embraced within such boundaries, whether
more or less than the quantity called for in the deed, passes
thereby.  Quantity becomes material only where the boun-
daries are uncertain or doubtful, and then it is entitled to
consideration according to the circumstances of the partic-
ular case.  It forms no part of the description of the land
conveyed, where monuments or visible objects are called for
as boundaries, but is mere matter of estimate.  Therefore, if
all the particulars of the description by metes and bounds
do not concur in designating as lot eight a parcel of land
which includes the one 59-100 acres in controversy, then it
is no part of the land intended to be conveyed.

There is no difficulty in applying these rules satisfactorily
to this case.  It is evident, by comparing the deed and plat
together, that to fix the southern boundary of lot eight where
plaintiffs in error claim it should be, would be to derange
the boundaries of the land and substitute another and differ-
ent description.  The call in the deed and plat for the west-
ern boundary is lots of Henry Bower, Jean Komepeter and
Henry Dave ; but if the southern boundary is extended as
proposed, the western boundary would then be the lots of
the persons named and the king's highway ; and the north-
ern boundary, instead of the call for Charlesworth's farm,
would be that farm and the land of Henry Bower—thus giv-
ing an entirely different form to the land, and substituting
other and different calls, and so varying the description as to
include a parcel of land not designated by the plat or deed.
If, instead of the call for the land of Bower, Komepeter and

Dave as the western boundary, it had been designated by commencing at a point on the southern line of Charlesworth's farm, thence south to the south-east corner of the land of Bower, then it is evident that upon well established principles the purchaser would have been restricted to the quantity within the area thus bounded, although it may have been less than the deed called for, and for a like reason should he be restricted to the quantity within the area of which the lands of Bower, Komepeter and Dave forms the western boundary. In the one case, the beginning and terminating points are visible objects or monuments, definite and certain; in the other, it is a line coinciding with the eastern boundary of the lots of those persons, throughout its whole extent, which is equally definite. Hence the quantity called for in the deed must yield, as being a less certain criterion of the intention of the grantor to the more definite description of metes and bounds. Had the eastern and western lines of lot eight been described as extending from points on the Charlesworth farm south to points on the land of Janis so indefinite as not to be ascertainable with the requisite certainty, the quantity in such case might become material as descriptive of what land was intended to be conveyed; and the rule of interpretation insisted upon by counsel for plaintiff in error would apply.

Judge Napton concurring, the judgment will be affirmed. Judge Scott absent.