## GELPECKE, WINSLOW & CO. v. LOVELL.

1. Practice: OBJECTION TO EVIDENCE. A general objection to secondary evidence is not sufficient: it should state the ground of objection.

2. Promissory note: PRESENTMENT. Where the indorser of a promissory note payable at a banking house, in writing "waived notice of protest," and where it appeared, that before the maturity of the note all the books and papers of said bankers had been removed to another banking house in the same city, of which the public and the maker had due and sufficient notice, and it did not appear that the banking house at which the note was originally due and payable was still open, nor that said bankers continued their business at that place or any other, unless at the place where the books and papers were so transferred; *Held*, that the court below did not err in finding that the presentment was sufficient to bind the indorser, if made at the place or banking house to which the books and papers were so removed.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 15.

ACTION upon a promissory note.

*S. M. Monroe* for the appellant.

*Barker, Chapline, Barney & Dillon* for the appellee.

WRIGHT, Ch. J.—I. Where testimony relating to a writing, secondary in its nature, was objected to *generally,* but not upon the ground that the original should be produced or its absence accounted for: *Held,* that there was no such error in overruling the objection, as to justify our interference. This method of objecting to testimony is not sufficient. It would seem to go to the admissibility of the fact to be established, rather than the method of arriving at it. *Thompson* v. *Blanchard,* 2 Iowa, 44; *State* v. *Wilson,* 8 Id., 407; *Stutzman* v. *School Dist.,* 1 Id., 94; *Rindskoff Bro. & Co.* v. *Malone,* 9 Id., 540; *Jungk* v. *Jungk,* 5 Id., 541; *Adams* v. *Foley,* 4 Id., 44; and see, for the rule now, Rev., § 3109.

1. PRACTICE: objection to evidence.

II. Where the indorser of a promissory note, payable at a banking house, in writing "waived notice of protest," and it appeared that, before the maturity of the note, all the books and papers of said bankers had been removed to another banking house in the same city, of which the public and the maker had due and sufficient notice, and it did not appear that the banking house, where the note was originally payable, was still open, nor that said bankers continued their business at that place or any other, unless at the place to which the books and papers were so transferred,

2. PROMISSORY NOTE: presentment.

*Held:* That the court below did not err in finding that the presentment was sufficient to bind the indorser, if made at the place or banking house to which the books and papers were so removed. Affirmed.