DAVIDSON *et al.* v. MANSON *et al.*, *Appellants.*

Division One, December 8, 1898.

1. **Conveyances**: USE OF "HEIRS AND ASSIGNS." If an intention to limit an estate to one for life appears from an examination of the entire deed, the use of the words "heirs and assigns," immediately following the name of the grantee, does not enlarge the estate into a fee.

2. ———: ———: CASE STATED. The grantor gave, granted, bargained, sold and conveyed to his wife "and her heirs and assigns" certain lands, to have and hold to her, "her heirs and assigns, in fee simple, her natural life, to her own proper use and behoof," warranting the title to her "during her natural life." The draughtsman used the ordinary printed form of a warranty deed, but the words indicating the grantor's intention to convey to her a life estate were *written*, while

Davidson v. Manson.

the words "heirs and assigns" were a part of the printed form. *Held,* that the grantor's intention was to convey to his wife a life estate, and the deed did not give her a fee, nor a life estate with remainder to her children. *Held,* also, that this view is strengthened by the fact that the deed was made in contemplation of a divorce and legal separation, and as the plaintiffs were the grantee's only children by the grantor, it is reasonable to suppose, if he had intended to convey a life estate to her with the remainder to these children, he would have named them as remaindermen in the deed.

3. ———: CONTEMPORANEOUS CONTRACT: PARTITION. A contract signed by grantor and grantee, can not control the provisions of their deed. Nor is such contract competent evidence in a partition suit in which the parties stand on the deed as written. Nor, is it competent evidence to vary or change the terms of the deed where no issue of fraud or mistake in the deed's preparation is tendered, and the suit not one to reform the deed.

*Appeal from Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Joseph Cravens, Joe French* and *O. L. Cravens* for appellants.

(1)   The court erred in admitting evidence as to the execution and contents of a contract between Charlotte Davidson and her husband at the time the deed to her was made by him, because:   *First.*   There was not sufficient proof that such contract, signed by the parties, was executed and lost or destroyed.   *Second.* It was a contract, if it existed at all, between husband and wife and was void.   *Third.*   It was no part of the deed, was not under seal, not signed by both parties, not acknowledged and recorded and could not in any wise affect the rights of appellants under their deed made in 1894.   *Fourth.*   It had the effect to contradict the deed itself and give it a different meaning and legal effect.   *Fifth.*   Such contract is nowhere pleaded by any of the opposing parties.   In order for this contract to be considered as in any manner affecting or controll-

ing the deed, some reference must have been made to it in the deed. *West v. Bretelle*, 115 Mo. 653. (2) The appellants contend the deed conveyed to her a life estate only, and the remainder was in Davidson until he conveyed to the appellants by the deed from him, read in evidence by them. When a printed form is used and a part of the contract or deed is printed and part written, preference is given to the written part. As in this deed "*her natural life*," was written and interlined, selected and directed to be put in by the parties, hence these became controlling words. 2 Parsons on Contracts [5 Ed.] 516, 517. (3) This deed must be construed according to the intent of the parties. The same rule applies to deeds as to wills and other writings. If it had been intended to convey more than a life estate, the expression interlined would not have been used; that fact and the further fact that about the time this deed was made, Davidson conveyed at least half of the land he had left to the children of Charlotte, and the remainder he retained in this land was afterwards conveyed to these appellants. *Wolfe v. Dyer*, 95 Mo. 545; *Rines v. Mansfield*, 96 Mo. 394; *Green v. Sutton*, 50 Mo. 190; *Bean v. Kennir*, 86 Mo. 666; *Russell v. Eubanks*, 84 Mo. 82; *Wommack v. Whitmore*, 58 Mo. 448; *Long v. Limms*, 107 Mo. 512; *McCullock v. Holmes*, 111 Mo. 445.

*R. H. Landrum* and *Henry Brumback* for respondents.

(1) The sufficiency of the proof of the loss of the contract between Andrew and Charlotte Davidson is to be determined by the trial judge, and is but a "preliminary inquiry addressed to his discretion." *Kleimann v. Geiselmann*, 114 Mo. 442. (2) This contract was put in evidence not for the purpose of

attempting to vary or contradict the deed between the same parties of the same date; but as explanatory thereof; as showing the true consideration; and as an aid to the construction thereof through an exhibition of the environment of the parties. *Allen v. Kennedy*, 91 Mo. 328; *Wood v. Broadley*, 76 Mo. 23. "The controlling canon for the construction of deeds, as of wills and other instruments of writing to day, is to ascertain the meaning of the grantor from the words he uses, in the light of the circumstances which surrounded, attended and waited upon his use of them." *Long v. Tims*, 107 Mo. 519; *Murphy v. Carlin*, 113 Mo. 117; *Drake v. Crane*, 127 Mo. 102. (3) While Andrew J. Davidson by his direct deed to his wife Charlotte could not pass the legal title, yet he could and did pass a title recognizable in equity, whether in fee to her, or for life in her, remainder to her children. *Woodworth v. Tanner*, 94 Mo. 129; *Moore v. Page*, 111 U. S. 118; *Jones v. Clifton*, 101 U. S. 228. (4) The deed contains the apt words, even at common law to pass an estate in fee. While these words (heirs and assigns) are not, in Missouri, necessary in order to pass a fee; yet they are actually in the deed, and should be given effect, if possible, and if consistent with other parts of the deed or with the intention of the parties as gathered from the deed itself and the surroundings of the parties at the time the deed was made. It also contains apt words to pass Charlotte a life estate. The simple problem is to give all these words consistent force. This end is reached by reading the word "heirs" as synonymous with "children" and construing the deed to pass to Charlotte a life estate with remainder to her children. This also carries out the intent of the parties as expressed by their said contract made contemporaneously. *Fanning v. Doan*, 128 Mo. 323; *Long v. Tims*, 107 Mo. 519; *Davis v. Hess*, 103 Mo.

36; *McCullock v. Holmes*, 111 Mo. 447; *Rines v. Mansfield*, 96 Mo. 399; *Carr v. Lackland*, 112 Mo. 460; *Murphy v. Carlin*, 113 Mo. 117; *Drake v. Crane*, 127 Mo. 102.

WILLIAMS, J.—This is a suit in partition. Andrew J. Davidson, in the year 1866, was the owner *in fee* of the land, which is the subject-matter of the action. All of the parties claim under him. He and his wife Charlotte B. Davidson were not living together at that time, but they had not been divorced. The rights of the parties to the suit depend upon the effect to be ascribed to the following deed made by him to his said wife:

"Know all men by these presents that I, Andrew J. Davidson, of the county of Lawrence and State of Missouri, for and in consideration of the sum of five dollars, received to my full satisfaction, of Charlotte B. Davidson, of the county of Lawrence and State of Missouri, the receipt whereof is hereby acknowledged, do give, grant, bargain, sell and convey unto the said Charlotte B. Davidson and her heirs and assigns, the following described lot, tract or parcel of land, viz.: The east half of the southeast quarter of section fifteen, in township twenty-seven, of range twenty-seven, containing eighty acres, more or less. To have and to hold the above granted and bargained premises, with the appurtenances thereof to the said Charlotte B. Davidson, her heirs and assigns, in fee simple, *her natural life* to her own proper use and behoof, and further, I, the said A. J. Davidson, do covenant to and with the said Charlotte B. Davidson that at and until the ensealing of these presence, I was well seized of the above granted and bargained premises as a good and indefeasible estate in fee simple; that the same are free from all incumbrance, and that I will, *during*

*her natural life,* warrant and defend the title thereof to the said Charlotte B. Davidson, her heirs and assigns, against all claims and demands whatever.

"In testimony whereof we have hereunto set our hand and seal this the 19th day of September in the year of our Lord, one thousand, eight hundred and sixty-six.

"ANDREW J. DAVIDSON (Seal)."

This deed was acknowledged on the twenty-second of September, 1866, and filed for record on the thirty-first of December following. A printed form was used, and the only part in *writing* is the consideration, $5, the names of the parties, description of the property, name of the county and State and the expression *"her natural life"* where it appears therein.

Davidson and his wife had four children, three of whom are plaintiffs. The other, a daughter, is dead, and her heirs are made defendants, but there is no conflict between *these* defendants and the plaintiffs. Said children and grandchildren claim the equitable title to the land as tenants in common under the above mentioned deed and ask partition thereof.

Said deed was made in contemplation of a permanent separation between Davidson and his wife, and in 1867 they were divorced. He subsequently married again. Defendants Mary F. Bunnell and Martha Mayhew, who are appellants here, are children of his second marriage. His divorced wife, the mother of plaintiffs, was also married to one Vaughn, but no children were born of said marriage.

Davidson on the thirty-first of May, 1894, made a warranty deed purporting to convey the land to his daughters by the second marriage, Mary F. Bunnell and Martha Mayhew. They are made defendants in this suit, plaintiffs alleging that they claim some

interest in the property, the nature of which plaintiffs were unable to state.

*These* two defendants answered, charging that the deed to Charlotte B. Davidson, through which their co-defendants, as well as plaintiffs claim title, only conveyed to her an estate *for her life*, and that at the time this suit was brought, she being dead, said defendants Mary F. Bunnell and Martha Mayhew were the owners of the land under the deed to them of May 31, 1894. They prayed that the court declare them to be the owners of the land described in the deed, and that judgment be rendered in their favor for the possession thereof and for all proper relief.

Their answer also contained a second count, being a cross action in ejectment against plaintiffs, and having the usual averments to be found in a petition in an ejectment suit. Upon plaintiffs' motion, this count of the answer was stricken out.

It is proper to state here that there is embraced in the present suit for partition other land than that included in the deed under discussion, and there seems to be no dispute that such *other* land belongs to the heirs of Charlotte B. Davidson, deceased, and that they are entitled to have the same partitioned.

The answer of the grandchildren of Charlotte B. who were made defendants, admitted plaintiffs' title, and alleged that said defendants were the equitable owners of an undivided one fourth of the land, under the deed of September 19, *supra*, asked that the legal title be decreed ·to them and plaintiffs, and joined with plaintiffs in their prayer for partition.

Plaintiffs, upon the trial, introduced the deed from Andrew J. Davidson to Charlotte B., his wife, dated September 19, 1866, hereinbefore copied; proved that she died in possession of the land in 1895, also the relationship of the parties as has been detailed;

and then called as a witness J. D. Allen, a brother of
the wife. He testified that he wrote the deed. He
was further permitted, over appellants' objection, to
state that, in addition to the deed, there was a written
contract between the parties. After some evidence
that this contract could not be found among the papers
of Mrs. Davidson the witness stated his recollection of
its contents, appellants still objecting thereto.

He said, "The contract was about this way: she
was to have this eighty and to have possession of it and
benefit her natural life, and, at her death, it was to go,
then to her heirs, and in addition what he had on the
west was to go to his heirs."

The witness was asked: "You drew up the con-
tract, and then you undertook to put the same thing in
the deed?" *A.* "Not exactly; my notion was they
would marry again and was afraid the children would
be wronged out of their rights, and the reason why I
drew up the contract different, I included *in the con-
tract*, and *not in the deed*, that it was to go to the
children after her death."

One or more witnesses in addition to Allen testified
to the same effect as he did about the contents of the
contract.

Andrew J. Davidson had two hundred acres of
land besides that conveyed to his wife. He made a
deed for one hundred and twenty acres of this to his
children by his first marriage within a short time after
the deed of September 19, 1866, to her. He attempted
to convey four forties to them but misdescribed one
tract.

The defendants Mary F. Bunnell and Martha May-
hew offered in evidence the deed from A. J. Davidson
to them for the land in dispute dated May 31, 1894.

The court rejected an offer by them to prove that
Charlotte B. Davidson, while in possession of said tract

of land, declared that she only claimed a life estate therein.

The circuit court ruled that plaintiff and defendants except Mary F. Bunnell and Martha Mayhew were in equity joint owners of the land, divested the legal title out of the two defendants named and entered a decree for partition as prayed.

We are called upon by appellants Mary F. Bunnell and Martha Mayhew to review that decree.

Rulings of the trial judge on the admission and exclusion of evidence, as well as in "striking out part of the separate answer of appellants" are assigned as error. It will be seen, however, at a glance that the real and only material question for solution is the construction of the deed of September 19, 1866, to Mrs. Davidson from her husband. When that is settled the rights of the parties will be determined, and there will be no difficulty under the pleadings as they stand to frame a proper judgment enforcing such rights. We shall come, therefore, directly to the question lying at the foundation of the case.

It is contended by appellants that the deed under consideration only conveyed to Charlotte B. Davidson an equitable estate for life, the grantor retaining the fee, subject to said life estate, and that they succeeded to his title by the deed to them of May 31, 1894.

The position of the other side is, that, while Andrew J. Davidson could not by his deed to his wife, convey to her the legal title, yet "he did pass a title cognizable in equity to her in fee, or to her for life with remainder to her children." In either event her children and the heirs of her deceased daughter would be entitled to the land and the judgment should be upheld.

BRACE, P. J., in *Fanning v. Doan*, 128 Mo. 323, expressed very clearly the purpose which courts should have in view in construing deeds as well as other

instruments of writing.   He said: "The main purpose in the construction of deeds, as of other contracts, is to effectuate the intention of the parties, and little aid can be derived from precedents or technical rules. Each deed must be construed for itself in the light of that general and paramount rule which requires 'that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention if practicable when not contrary to law.'   2 Devlin on Deeds, sec. 836."

The granting clause in the deed before us is to "Charlotte B. Davidson her heirs and assigns."   The *habendum* is, "To have and to hold the above granted and bargained premises with the appurtenances thereof to the said Charlotte B. Davidson, her heirs and assigns, in fee simple *her natural life* to her own proper use and behoof."   The words "her natural life" are written, the others are parts of a printed form.   If "her heirs and assigns in fee simple" were not in the deed, no doubt could exist that only a life estate passed to the grantee.   The conveyance would then be to the grantee, "to have and to hold the above granted and bargained premises, etc., *her natural life.*"   The instrument in *this* form would plainly show an intent to limit the interest conveyed to a mere life estate.   The question then is whether the other words *as used* in *this* deed add anything to its effect.   We think not.   They were wholly unnecessary in order to convey the fee.   In the absence of something showing an intention to vest a less estate, the use of the words "heirs, etc.," was not essential to pass the entire title.   *McCullouck v. Holmes,* 111 Mo. 445.   If such an intention to limit the estate to one for life does appear, the use of said words alone can no more enlarge it into a fee than their omission, in the absence of such limitation, can reduce the estate

granted to one for life.  This court speaking through
RAY, J., in *Bean v. Kenmuir*, 86 Mo. *loc cit.* 671, used this
language upon that subject. ''The words, heirs or as-
signs, are not entitled to the weight counsel give them.
They were not then, and are not now, necessary to
create a fee, and their presence in the deed is without
legal meaning or significance.  They could' detract
nothing from being absent, and they could add nothing
by being present. They mean, when thus superfluously
used, what the law would imply without them and
nothing more.''

It must be further noted that the words indicating
the grantor's purpose to convey to his wife a life estate
only, were *written* in the deed by the draughtman
thereof, while those which are alleged to show an in-
tention to convey a greater interest are simply parts
of a *printed form* used by him in preparing the convey-
ance.  If there is any conflict between them, the writ-
ten must prevail. 2 Devlin on Deeds [2 Ed.], sec. 837;
*McNear v. McComber,* 18 Iowa, 17;  *Hill v. Miller*, 76
N. Y. 32.

While the estate conveyed can not be lessened by
the extent of the covenants of warranty, yet it is signi-
ficant as indicating the real meaning of the parties
that the grantor covenanted that he would *''during her
natural life* warrant and defend the title thereof to said
Charlotte B. Davidson, her heirs and assigns.''

The husband and wife when this deed was made,
had become enstranged and had determined that they
could no longer live together.  A divorce was in con-
templation, so it seems from the evidence.  They then
had four children.  If it had been intended to convey a
life estate to the wife with remainder to *these* children,
it would reasonably be expected that they would be
named as remaindermen in the deed.  Yet we find
nothing of the kind.  Their names could easily have

been inserted, if such had been the design, and it seems probable, in view of the situation of the parties, that this would have been done. *Rines v. Mansfield*, 96 Mo. *loc. cit.* 399.

But it is argued that there was a written contract between Davidson and his wife and that *it* provided that Mrs. Davidson should have and enjoy the land during her life and at her death the title should vest in their children in fee. Evidence of the contents, or rather of the construction placed by the witnesses upon the contents of this contract, was admitted over the objection of appellants, there being some proof that the writing itself could not be found. This evidence, if it had been competent, did not help the plaintiffs or tend to support their construction of the *deed*. Upon the contrary, it established just the converse of that for which they contend. The party who drew the contract and also the deed stated that he included in the former, but *not in the latter*, that the land should go to her children after her death.

But the provisons of the deed can not be controlled by the terms of the contract, and the evidence of the contents of the latter was incompetent. This testimony had no tendency to throw any light upon the meaning of the *deed* or to aid the court in *its* proper construction. The contract may have required a deed containing certain stipulations, or conveying a certain estate, and yet the *deed* may be entirely different. This is not a suit to reform the instrument. The parties are standing upon the deed as written. The pleadings tendered no issue of fraud or mistake in its preparation. Hence the fact that it does not conform to the contract is immaterial. The courts can not, in *this* proceeding and upon the issues presented here, read into the deed provisions not found therein simply because they may be included in the contract between

the parties. In *Frederick v. Youngblood*, 19 Ala. 680, it was held as follows: "The deed of conveyance in this case must be taken as conclusive evidence of the terms of the sale. There is no allegation of fraud or that any language not truly expressive of the contract had been inserted in the deed, or that any mistake whatever had been made in writing the same."

"When a deed is delivered and accepted as a performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties." 2 Devlin on Deeds [2 Ed.], sec. 850a.

Our conclusion is that the deed of September 19, 1866, only purported to convey to Charlotte B. Davidson, now deceased, an estate for her life, and that the appellants Mary F. Bunnell and Martha Mayhew are the owners in fee of the land by virtue of the deed to them of May 31, 1894, *supra*. It follows that the judgment will be reversed and the cause remanded. All concur.