JAMES G. ADKINS, Respondent, v. MARGARET QUEST et vir., Appellants.

### Kansas City Court of Appeals, February 20, 1899.

1. **Description**: METES AND BOUNDS. A description calling for the south sixty feet of the north one hundred and twenty-one feet, etc., of lot 4, etc., is a description by metes and bounds.

2. ——: ——: CERTAINTY: QUANTITY. The mention of a given quantity in a certain description by metes and bounds is a matter of description and does not amount to a covenant.

3. ——: ——: QUANTITY: MORE OR LESS. A boundary line described by measurement and without monuments will govern although the distance be described as so many feet, more or less.

4. **Tax Bills**: DESCRIPTION: LIEN. Where the description in a tax bill is sufficient to pass title in a deed, such tax bill will create such lien upon the property as may be enforced by judicial sale.

5. **Pleading**: AFFIRMATIVE DEFENSE: DELIVERY OF TAX BILL. That a tax bill was not delivered to the contractor within the three days required by law is a matter of affirmative defense and should be pleaded in the answer, and plaintiff is not required to prove such delivery to make a *prima facie* case.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

L. TRABER for appellants.

(1) The tax bills sued on are all void for uncertainty of description, and, being so, plaintiff has no cause of action. City Charter 1889, sec. 10, art. 9; Burroughs on Taxation, p. 205; Welty on Assessments, secs. 80, 83, 85, 88; Cooley on Taxation, pp. 408, 409; Blackwell on Tax Titles [5 Ed.], secs. 236, 249; Black on Tax Titles [2 Ed.], secs. 112, 410; McCune v. Hill, 24 Mo. 570, 574; Jefferson City v. Whipple,

71 Mo. 519; Boxley v. Stevens, 31 Mo. 201, 203; State ex rel. v. Railroad, 114 Mo. 1; People v. Cone, 48 Cal. 427; People v. Flint, 39 Cal. 676; People v. Mahoney, 55 Cal. 286; Hodges v. Cowing, 58 Conn. 12; Noble v. Goggin, 99 Mass. 235; Welkins v. Tourtelott, 28 Kan. 843; U. S. v. D'Aguirre, 1 Wall. (U. S.) 311; Pendleton v. Stewart, 5 Call. (Va.) 1; Rogers v. Garnett, 4 Mon. (Ky.) 269; Fine-lott v. Sinnott, 57 Superior Ct. (N. Y.) 57. (2) There was no evidence to show when said tax bills were delivered to the contractor, John Keating, nor does the petition allege at what time they were delivered to plaintiff. Folks v. Yost, 54 Mo. App. 55, and cases there cited.

ROBINSON & CARKENER for respondent.

(1) The description in the tax bills in question is good, under the rule that, in the absence of monuments, courses and distances control. 2 Washburn Real Prop., marginal page 631, par. 40; Tiedeman Real Prop., secs. 830, 831, 839, 840. (2) A false call, *falsa demonstratio*, anything added to a definite description which is repugnant or inconsistent therewith, or makes the description meaningless, is to be rejected, as the words "more or less" in this case. Tiedeman Real Prop., sec. 829; Rutherford v. Tracy, 48 Mo. 325-327; Shewalter v. Pirner, 55 Mo. 218; Gibson v. Bogy, 28 Mo. 478. (3) Under the well settled rule of law, that the words "more or less," following a definite statement of the length of a line in the description of real estate, where no monument is given, will be rejected, the description in the tax bills in question is absolutely definite. Tiedeman on Real Prop., sec. 839; 2 Washburn Real Prop., marg. page 631, par. 41; Jones on Real Prop., sec. 407; 3 Hilliard on Real Prop., chap. 73, p. 535, par. 96; 2 Am. and Eng. Ency. of Law, p. 508, par. 7; Johnson v. Pannel, 2 Wheaton (U. S.), 206; Oaks v. De Lancey, 133 N. Y. 227, 231; Blaney v. Rice, 20 Pick. (Mass.)

63. (4) The charter specifies what shall be stated in a petition on a tax bill, and neither in it, nor in the general law, nor the practice, is there anything which requires plaintiff to allege or prove the date of the delivery of tax bills to a contractor. If there is any defense arising out of the date of the delivery of a tax bill, as for instance that the lien has expired, it is for defendants to set up and prove such fact or facts. Charter of Kansas City, sec. 18, art. 9; Hunt v. Hopkins, 66 Mo. 98; Veiths v. Planet Co., 64 Mo. App. 207; Turner v. Patton, 54 Mo. App. 654.

SMITH, P. J.—This is an action on a special tax bill issued by the board of public works of Kansas City for the construction of a certain sewer in said city. The tax bill describes the property which it is claimed is subject to the lien thereof as "The south 60 feet of the north 121 & 3-4 feet, more or less, of lot 4, Flournoy Heights," an addition to Kansas City. The contention of the defendant is that said tax bill is void on its face for uncertainty in the description of the property. Whether or not this contention can be upheld depends upon the construction to be given the descriptive words used in the tax bill. The subdivision of the lot is in effect therein described by metes and bounds. Its length is the width of the lot of which it is a subdivision and its width sixty feet. We think that it must be conceded, laying out of view the words "more or less" that a subdivision of lot 4 is accurately and definitely described in the tax bill, by metes and bounds; and this being so, it only remains to determine what effect, if any, shall be given to these words.

DESCRIPTION: metes and bounds.

Certainty in metes and bounds will include and pass all the lands within them though they vary from the given quantity named in the deed. The mention of a given quantity after a certain description by metes and bounds is but a matter of description and does not amount to a covenant or

—: —: certainty: quantity.

afford a ground for the breach of any of the usual covenants, though the quantity of acres should fall short of the given quantity. A given quantity will be controlled by boundaries. The latter will operate as a limitation on the former. And where the statement of the quantity is qualified by the words "more or less," or "containing by estimation" or the like, such words, if there is no admixture of fraud in the case, will be taken as a mere matter of description and not as the essence of the contract. A purchaser in such case takes the risk as to quantity. Kent's Com. *466, par. 4; Noble v. Goggin, 99 Mass. 235. By such construction the apparent element of repugnancy or inconsistency is practically eliminated from the description. Wood v. Murphy, 47 Mo. App. 539.

But the case we now have is one where no given quantity is named in the description. The subject is described by metes and bounds only, followed by the words "more or less." Undoubtedly the description in a deed would be sufficiently certain to pass title unless rendered uncertain and inoperative by these words. Where a boundary line is described by admeasurement it will govern if there be no monuments, as here, by which to test its accuracy, although the distance be described as so many feet more or less. 3 Washburn's Real Prop. 433; Tiedeman's Real Prop., sec. 839. In Blaney v. Wright, 20 Pick. (Mass.) 62, it was in effect declared by Chief Justice Shaw that, where a boundary line in a deed of conveyance is described as measuring a certain number of feet, more or less, and there is nothing in the deed itself, or in the subject to which it applies, to explain the description, the number of feet mentioned will be deemed the precise length of the boundary line. By this rule of construction the words "more or less" are rejected, and thus the length of the boundary lines as stated in the description are left unaffected by them.

But it is insisted that the ruling made by the supreme court of this state in McCune v. Hill, 24 Mo. 570, supports the defendant's contention.   In that case it was said that the words "more or less" when used in a deed describing a common field lot of one of the usual dimensions could not be so construed as to include another common field lot.   It was further said in the course of the opinion in the case that "the words 'more or less' used in describing the front of a lot mean no more than they do in describing its depth.   They mean that the lot conveyed may be in size more or less than the dimensions given but not that they may be extended so as to include a separate and distinct lot."   It is not intimated in the case that where boundary lines are stated to be so many feet "more or less" such a description is uncertain and insufficient to pass title to the land included therein, but the inference is clearly to the contrary.

The defendant cites and relies on the case of Finelott v. Sinnott, decided by the superior court of the city of New York, and reported in 57 New York Superior Court Reports, at page 57, where it was held that the description of a lot in a devise, as fronting on a certain street, "the same being *about* thirty feet wide in front and sixty-six feet in length" was not clear or definite and did not fix the dimensions of the subject of the devise.   The opinion shows that the question involved in the case was decided without due consideration and certainly without discussion or reference to authority. In view of the principles and authorities to which we have already adverted we do not feel inclined to give it any weight.

Our conclusion is that the description here if in a deed would be sufficient to pass title and no reason is seen why defendant's lot by that description may not be charged with the lien of a tax bill for an authorized public improvement and such lien enforced by judicial sale.   By this descrip-

TAX bills: description: lien.

tion neither the defendant nor the public would have any difficulty in identifying the property covered by it. We know of no principle of the law authorizing the assessment of taxes for general or special purposes or the enforcement thereof that would require a more definite description than that contained in the tax bill on which this action is founded. As far as we can see it meets every requirement of the law and should be accordingly held sufficient.

The defendant further objects that the plaintiff did not prove when the tax bill sued on was delivered to the contractor. It stands admitted that no such fact was alleged in the petition or proved at the trial. If the action was not brought on the tax bill within three years after the delivery thereof to the contractor this was a defense that should have been pleaded in the answer to be of any avail. The plaintiff was not required, in order to make out his *prima facie* case, to prove the date of the delivery of the tax bills to the contractor. Charter of Kansas City, sec. 18, art. 9; Turner v. Patton, 54 Mo. App. 654; Veiths v. Planet Co., 64 Mo. App. 207.

PLEADING: affirmative defense: delivery of tax bill:

Accordingly we shall affirm the judgment. All concur.