WILBURN MIRES, Respondent, v. A. F. SUMMER-VILLE, Appellant.

**Kansas City Court of Appeals, June 18. 1900.**

1. **Vendor and Vendee: NUMBER OF ACRES SOLD: METES AND BOUNDS: FRAUD.** Where land is described in a conveyance by metes and bounds "containing" a given number of acres, "more or less," metes and bounds will govern in the absence of fraud, and all bargains will merge in the deed.

2. ——: ——: **MISREPRESENTATIONS: NEGLIGENCE.** Where a vendee is well acquainted with the land purchased and was over it at the time of the trade with opportunity to measure the same, he can not be heard to charge the vendor with fraud in misrepresenting the number of acres it contained.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED.

*Frank Sheetz & Sons* for appellant.

(1) This petition states no cause of action. Brauchmann v. Leighton, 67 Mo. App. 245. (2) Parol testimony is not admissible to vary the contract. Hobein v. Frick, 69 Mo. App. 263; Morgan v. Porter, 103 Mo. 140; Pearson v. Carson, 69 Mo. 550; State ex rel. v. Hoshaw, 98 Mo. 360. (3) This is a suit at law and there is no claim for equitable interference or that plaintiffs were imposed on by defendants at the making of the deed, or that anything was left out

of the deed by accident, mistake or fraud. Plaintiffs can not recover. Morgan v. Porter, 103 Mo. 140; Hobein v. Frick, 69 Mo. App. 263; Alfter v. Hammit, 54 Mo. App. 309; Wood v. Murphy, 47 Mo. App. 542.

*Oscar L. Smith* for respondent.

(1) If the purchase was induced by fraudulent representations, the purchaser is not bound to repudiate the contract. He may do so, or he may stand by his purchase and sue for damages. Brownlow v. Wollard, 61 Mo. App. 133; Shinnabarger v. Shelton, 41 Mo. App. 147; Brooking v. Shinn, 25 Mo. App. 281; Owens v. Rector, 44 Mo. 389; Parker v. Marquis, 64 Mo. 38. (2) Deeds were attacked in action for damages for fraud and deceit as to material matters leading up to the execution of the deed in the following cases. Shinnabarger v. Shelton, 41 Mo. App. 153; Caldwell v. Henry, 76 Mo. 255; Brooking v. Shinn, 25 Mo. App. 281; Huppert v. Weisgerber, 25 Mo. App. 95; Smithers v. Bircher, 2 Mo. App. 499; Glasscock v. Minor, 11 Mo. 655; Brownlee v. Hewitt, 1 Mo. App. 360. (3) The fact that the vendee omits to examine the property or to make inquiries of persons to whom he is referred by the vendor before buying, will not relieve the latter of liabilities for false representations made by him concerning it in course of the negotiation. Caldwell v. Henry, 76 Mo. 254; Clark v. Edgar, 84 Mo. 111; Shinnabarger v. Shelton, 41 Mo. App. 158; McBeth v. Craddock, 28 Mo. App. 397; Alfter v. Hammit, 54 Mo. App. 310, cited by defendant; Brooking v. Shinn, 25 Mo. App. 277; Hitchcock v. Baughan, 36 Mo. App. 216; Cox v. Arnold, 129 Mo. 341; Cooley v. Golden, 117 Mo. 47; Benson v. Morrow, 61 Mo. 349; Myers v. City of St. Louis, 82 Mo. 367; Kirkpatrick v. Ice Co., 45 Mo. App. 336; Coons v. North, 27 Mo. 78.

ELLISON, J.—Plaintiff bought of defendant a tract of land receiving from him a warranty deed therefor, reciting a consideration of three hundred and eighty dollars and describing the land as follows: "The north half of the northeast quarter lying north of Grand River of section twenty-eight (28), township fifty-seven (57), of range twenty-three (23), in Livingston county, Missouri, containing thirty-one and seventy-eight hundredths acres, more or less." There were only seventeen and one-half acres in the tract and plaintiff brought this action for $200 damages by reason of the shortage in acres. Plaintiff claimed that he bought the land at the rate of $12.50 per acre and that defendant falsely and fraudulently represented to him that there were the number of acres mentioned in the deed, knowing there were only seventeen and one-half acres. The judgment was for plaintiff.

Notwithstanding the deed recited there were thirty-one and seventy-eight hundredths acres in the tract, yet as the description was by metes and bounds the latter will govern and control; unless there is fraud shown. Wood v. Murphy, 47 Mo. App. 542; Adkins v. Quest, 79 Mo. App. 36; Campbell v. Johnston, 44 Mo. 248; 4 Kent Com. 466.

All conversation and representation preliminary to the execution of the deed will become merged in the deed and its terms will control. So, therefore, any preliminary and contemporaneous bargaining and representations between the plaintiff and defendant ought not to be heard against the provisions of the deed unless there has been fraud, accident or mistake. There is no claim of accident or mistake and we are confined to the question of fraud alone.

The evidence bearing on the charge of fraud relates to matters prior to the consummation of the contract and does not touch upon the execution of the deed or the recitals therein or the provisions thereof. It consists in evidence

going to show that defendant represented there were thirty-two acres when he knew there were but seventeen acres. It furthermore shows that plaintiff was thoroughly acquainted with the tract. That he was born within three miles of it and lived in proximity thereto all his life. That while negotiating the purchase he went over it back and forth. That nothing hindered him from seeing it and measuring it if he had so desired.

In these circumstances, we are of the opinion that plaintiff should not be heard to charge fraud on the defendant. The law requires every one in the possession of his intellectual faculties to use them for his own protection and not to depend upon the courts to act as a standing guardian over his own carelessness, improvidence or credulity. This is a fundamental principle evidenced by a long line of authority, in a great variety of cases. Cahn v. Reid, 18 Mo. App. 127; Savage v. Stephens, 126 Mass. 207; Crown v. Carriger, 66 Ala. 590; Long v. Warren, 68 N. Y. 426; Watson v. Austin, 63 Miss. 469. If I offer my horse at pasture to a prospective purchaser representing him to be a white horse, and the purchaser goes to the pasture and looks at him for himself, returns and makes the purchase, he will not be permitted afterwards to say that he was defrauded by my misrepresentation.

In Massachusetts, a man sold a piece of land by metes and bounds, falsely representing it to contain fifty acres when he knew that, in fact, it only contained twenty-eight acres. The purchaser knew the land and went over it before purchasing, but undertook to excuse himself for not seeing there were not fifty acres by stating that the land was so uneven that its actual extent could not be seen from any one point. After disposing of representations as to quality which appeared in the case, the supreme court of that state said:

"The representations concerning the quantity of land

which formed the subject of the contract come within the same principle. The vendors pointed out to the vendees the true boundaries of the land which they sold. This fact is established by the verdict of the jury under the instructions which were given at the trial. The defendants had therefore the means of ascertaining the precise quantity of land included within the boundaries. They omitted to measure it, or cause it to be surveyed. By the use of ordinary vigilance and attention, they might have ascertained that the statement concerning the number of acres, on which they placed reliance, was false. They can not now seek a remedy for placing confidence in affirmations which, at the time they were made, they had the means and opportunity to verify or disprove." Gordon v. Parmelee, 2 Allen 212.

We do not go so far as to say that a man who has means of knowledge not at hand, as for instance where he might travel to a distant place and see for himself, or where he might examine the records for title, can not have relief by reason of his failure to utilize the means. But where the matter does not involve scientific, expert or peculiar knowledge and is before him, he will not be protected in the refusal to use his senses. Cahn v. Reid, 18 Mo. App. 127-131. If this plaintiff had not known the land and had never seen it, being so situated that he could not ascertain for himself and being placed in such situation that he might reasonably put confidence in and reliance upon defendant's representations, a different question would be presented. Thus, in Ladd v. Pigott, 114 Ill. 647, there was a misrepresentation of the quantity of land in a distant state and it was held that the vendee could rely upon the representations of the vendor without making personal examination. But the court said: "Had the property been conveniently situated, no doubt the omission to make the usual investigations might have been

attributed to plaintiff as negligence, against which the law would not relieve him."

The supreme court of the United States in speaking of false representations said: "Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness, and been misled by overconfidence in the statements of another." Slaughter's Admr. v. Gerson, 13 Wall. 379.

It is apparent that plaintiff failed to make out a case and that defendant's demurrer to the evidence should have been sustained. The judgment will therefore be reversed. *Smith, P. J.,* concurs; *Gill, J.,* absent.