IRA F. HENDRICKS, Appellant, v. IRVIN C. VIVION et ux., Respondents.

**Kansas City Court of Appeals, May 7, 1906.**

1. **DEEDS: Acreage: Description.**   Where the description is by metes and bounds of Government survey the description controls, and the number of acres must give way to the description.

2. ———: ———: ———: **Parol Evidence.**   The deed is the final contract and measures the liability of the party executing it, and parol evidence of prior contracts and understandings cannot be received to vary its provisions in the absence of fraud, accident or mistake.

3. ———: ———: ———: **Reading: Price.**   Where a sale is by the acre and the number of acres warranted, the deed should so express the matter, or it, though the grantee does not read it, will measure his rights and liability, and the transaction will be a sale of the tract of land described for a stated price *in solido.*   Cases considered and distinguished.

4. ———: ———: ———: **Fraud.**   Fraud may be relied on in behalf of the weak, the helpless, the unfortunate and the ignorant, or even of the intelligent and careful under certain circumstances; and when so shown it will be the subject of ready redress by the court.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*N. T. Gentry* for appellant.

(1)   After admitting in evidence the written contract and the warranty deed, the trial court sustained defendants' objections to the admission in evidence of a stipulation, signed by counsel for both sides.   This stipulation was to the effect that, after the execution of said deed, the county surveyor of Boone county made a survey of the land in question and ascertained that it con-

118 App—27

tained 534.35 acres. In their objection to the admission of said stipulation, defendants simply insisted that the facts stated in said stipulation "are immaterial and irrelevant." It has many times been held that such objections amount to no objections at all. Lumber Co. v. Rogers, 145 Mo. 445; State v. McLaughlin, 149 Mo. 27. (2) But, even if proper objections had been made, the facts contained in said stipulation are material and, without proof of them, plaintiff could not recover. The quantity of the land that was actually transferred from defendants to plaintiff was of vital importance. (3) While it is true, as a general rule, that the terms of a written contract cannot be varied, nor altered nor contradicted by parol evidence, yet it is also true that where the written instrument does not contain all of the terms of said contract, or where there is a collateral agreement, the same may be supplied by parol evidence. As there was nothing in the written contract nor in the deed which was contradictory to or inconsistent with the proffered evidence, said evidence was admissible. 2 Parsons on Contracts (9 Ed.), p. 717; 2 Page on Contracts, secs. 1221, 2 and 3; O'Neil v. Crain, 67 Mo. 251; Ellis v. Bray, 79 Mo. 238; Boggs v. Laundry Co., 86 Mo. App. 623; Roe v. Bank, 167 Mo. 427; Hammond on Contracts, sec. 392; Bishop on Contracts, sec. 172; Lawson on Contracts (2 Ed.), sec. 385; Gubernator v. Rottalack, 86 Mo. App. 189; Erwin v. Railroad, 94 Mo. App. 289. (4) In a conveyance, as well as in a written contract, quantity becomes of the essence of the contract, sufficient to support an action of covenant, when it is expressly declared in the deed, or the contract, that the land contains an exact number of acres, and is not qualified by expressions indicating that the quantity was estimated. 3 Washb. on Real Prop. (5 Ed.), pp. 525 and 673; Mendenhall v. Steckel, 47 Md. l. c. 464; Marbury v. Stonestreet, 1 Md. 152; Triplett v. Allen, 26 Grattans (Va.) 721; Gentry v. Hamilton, 38 N. Car. 376; Smith v. Fly, 24 Texas 345-350; 4 Kent's Com. 466; Hausmann v. Adams,

65 Mo. App. 273;. Hosleton v. Dickerson, 51 Iowa 244; 1 N. W. 550; 1 Sugden on Vendors and Purchasers, p. 324; 2 Warvelle on Vendors, sec. 952; Boddy v. Henry, 101 N. W. 452; McCandless v. Young, 96 Pa. 289; Crislip v. Cain, 19 W. Va. 438.

*C. B. Sebastian* and *W. M. Williams* for respondent.

(1) The deed executed by the defendants and the written contract between the parties show that the entire tract was sold for a gross sum, and not by the acre. The court below properly refused to permit the terms of the deed and contract to be contradicted by verbal testimony of conversations and representations preliminary to the execution of these instruments. All prior negotiations were merged in the deed. Mires v. Summerville, 85 Mo. App. 183; Graham v. Burney, 65 Mo. App. 206; Hobein v. Frick, 69 Mo. App. 263; Johnston v. Ins. Co., 93 Mo. App. 580; Crim v. Crim, 162 Mo. 553; Wood v. Murphy, 47 Mo. App. 539; Jollife v. Collins, 21 Mo. 341. (2) Neither was it competent or material to prove statements or admissions by the defendants as to the terms of the sale. The deed and written contract were before the court, and the rights of the parties were fixed by them. "The subsequent statements of neither party to a validly entered into legal and written contract can effect or diminish its obligatory force." Water Co. v. Aurora, 129 Mo. 579; McMahon v. Turney, 45 Mo. App. 105. (3) Plaintiff obtained possession of and title to the entire tract of land purchased by him, and which is described by metes and bounds in his deed. The only complaint is that this tract does not contain the number of acres he supposed he was getting. It is well-settled law in this State that the deed does not warrant the quantity of land sold to the plaintiff. Hobein v. Frick, 69 Mo. App. 263; Wood v. Murphy, 47 Mo. App. 539; Mires v. Summerville, 85 Mo. App. 183; Martin v. Stone, 79 Mo. App. 313. (4) The judgment was clearly for

the right party.  Plaintiff could not recover in any event Upon plaintiff's own showing the sale was of the entire tract for a gross sum, and without a warranty of the number of acres contained in it.  Boxley v. Stevens, 31 Mo. 201; Coons v. North, 27 Mo. 73; Sullivan v. Ferguson, 40 Mo. 79; Faulconer v. Samples, 57 Mo. App. 303.

ELLISON, J.—Plaintiff bought defendant's farm in Boone county by written contract of sale, which provided for the execution of a general warranty deed.  He alleges that the purchase price was $40 per acre.  He received his deed and went into possession and so remained for nearly two years, when he discovered that the premises did not contain the number of acres which he supposed he had purchased, the shortage being twenty-three and twenty one-hundredths acres.  He thereupon brought this action against defendant for $928.  The trial court sustained a demurrer to the evidence offered by him and judgment was entered for defendant.

The deed as executed to the plaintiff contained the following description, to-wit: "That the said party of the first part, for and in consideration of twenty-two thousand three hundred and thirty dollars to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do, by these presents, grant, bargain and sell, convey and confirm unto the said party of the second part the following described tract or parcel of land, situated in the county of Boone, in the State of Missouri, to-wit: seventy-seven (77) acres, more or less, the west part of the southeast quarter, west of Cedar creek; one hundred and sixty (160) acres the southwest quarter, both in section twenty-one (21) ; one hundred and forty (140) acres, more or less, the west part of the northeast quarter west of Cedar creek; one hundred and sixty (160) acres the northwest quarter, and twenty (20) acres, more or less, the northwest part of the northwest quarter of the southeast

quarter west of Cedar creek, all in section twenty-eight (28), all in township forty-eight (48) of range eleven (11)."

The number of acres mentioned in the description in the contract of sale and in the deed aggregate 557 acres, and the question is, was there a sale of that number of acres at a given price per acre, or was it a sale of a tract of land as described for a stated price, *in solido?* The rule seems well settled by the decisions of the Supreme Court, that where the description is by metes and bounds, or (as here) by divisions and subdivisions, into sections, half sections, quarter sections, etc., according to government survey, the description controls and the number of acres stated must give way. [Campbell v. Johnson, 44 Mo. 248; Ware v. Johnson, 66 Mo. 662; Orrick v. Bower, 29 Mo. 210, 214; Baker v. Clay, 101 Mo. 553.] The same thing has been several times decided in this court on the authority of those cases. [Wood v. Murphy, 47 Mo. App. 539; Mires v. Summerville, 85 Mo. App. 183.] The St. Louis Court of Appeals has also recognized the same rule. [Hobein v. Frick, 69 Mo. App. 263.] So, therefore, we have no difficulty in concluding that there was not only no sale of 557 acres, as a definite quantity of land, but also, that the deed made no warranty of any certain quantity.

Plaintiff offered and the court excluded evidence tending to show that he had had the land surveyed by the county surveyor and that it showed only 534 acres and a fraction. Also that at the time of the execution of the contract of sale and of the deed defendant stated to plaintiff that there were 557 acres and that he sold the farm by the acre at forty dollars per acre. These offers were properly refused. The deed is the final contract of the parties and must be taken to measure the liability of the party executing it. [Davidson v. Manson, 146 Mo. 619, 620.] The deed, being the final consummation of the contract, cannot be varied or altered by prior or contemporaneous understandings unless there be

fraud, accident or mistake.   [Mires v. Summerville, 85 Mo. App. 183; Johnston v. Ins. Co., 93 Mo. App. 588; Crim v. Crim, 162 Mo. 544.]

If plaintiff desired that the deed show a sale by the acre, or that the tract was warranted to contain a certain number of acres, he should have had such provisions inserted.   If a person of ordinary intelligence, in full possession of his faculties, knowingly enters into a contract, he will be bound by its terms; and even if he does not read it, it will yet measure his rights and liabilities. [Railroad v. Cleary, 77 Mo. 634; O'Bryan v. Kinney, 74 Mo. 125; Mateer v. Railroad, 105 Mo. 350; Och v. Railroad, 130 Mo. 44; Kellerman v. Railroad, 136 Mo. 188, 189.]

In Greenfield's Estate, 14 Pa. St. 496, Chief Justice GIBSON stated that, "If a party who can read will not read a deed put before him for execution, he is guilty of supine negligence, which, I take it, is not the subject of protecton, either in law or equity."   In speaking of the same queston, the Supreme Court of this State said that, "To permit a party when sued on a written contract to admit that he signed it but to deny that it expresses the agreement he made, or to allow him to admit that he signed it but did not read it or know its stipulations, would absolutely destroy the value of all contracts." [Crim v. Crim, 162 Mo. 554. See also, Johnston v. Ins. Co., 93 Mo. App. 588.]

In Davidson v. Manson, 146 Mo. 619, already referred to, the court, through Judge WILLIAMS, said, "The deed of conveyance in this case must be taken as conclusive evidence of the terms of the sale. There is no allegation of fraud or that any language not truly expressive of the contract had been inserted in the deed, or that any mistake whatever had been made in writing the same." It is thus made apparent that since there is no pretense of fraud in putting upon plaintiff a deed, the contents and import of which he did not know, and since he accepted it without artifice, deception or imposition being

practiced upon him, he became legally bound by all of its terms and that it must measure his rights in any controversy concerning the purchase of the land, uninfluenced by any agreements, representations or understandings prior to its execution. To his claim that defendant sold him 557 acres, by the acre, at $40 per acre; the answer is that he accepted a deed for the land in bulk at a price *in solido* for the entire tract. The deed as above set out, shows it to be a complete contract between the parties (made by one by signing and by the other by accepting), wherein the defendant as grantor set down all of his engagements with reference to the land. By the contract expressed in the words, "grant, bargain and sell," he covenanted, among other things, that he was seized of an indefeasible estate, that it was not encumbered by liens. He likewise expressly warranted the title and agreed to defend it against all lawful claims except for taxes for the year 1903. The deed, as finally accepted by plaintiff, did not purport to convey to him any given number of acres. To allow his claim that it was a part of the verbal understanding that there were 557 acres as against 534 actually described and conveyed to him, would be to add to the terms of a written contract in the face of a fundamental rule of law. If one, by writing, sell to another a certain granary of wheat, for a certain stated lump price, with stipulations of warranty that the grain is sound, is free from insects and good for seed purposes, can the vendee maintain a claim, that prior to the writing, the seller represented that there were a certain number of bushels which he bought at a certain price per bushel? In Tracy v. Union Iron Works, 104 Mo. 193 (s. c., 29 Mo. App. 342), there was a written lease of a building containing various terms of the lease. Prior to its execution the lessor verbally agreed to put in a railroad switch in the rear to connect the premises with a nearby railroad, to be used for shipping purposes. When the lease was drawn and was found not to contain such provision, the lessee

asked that it be put in, whereupon the lessor said it was not necessary, that he would comply with his agreement, that his word was as good as his writing. Afterwards in an action for rent, the lessee sought to have a reduction made on account of damages arising out of breach of that verbal agreement. But the court held that the writing controlled and that an additional undertaking could not be added to it. So in Pearson v. Carson, 69 Mo. 550, Carson rented his pasture to Pearson for $95, one-half to be paid at one time and the remaining half at another. In an action for rent Pearson attempted to show a verbal agreement, that Carson was to keep up and maintain the fence and to look after his cattle. The court held the writing to be complete within itself and refused to allow that addition to its terms to be made. The court remarked, that parties to a complete written contract intend "that such obligations, as arise from the paper by just construction or legal intendment, shall be valid and compulsory on them, but that they will not subject themselves to any stipulations beyond the contract, because if they meant to be bound by any such, they might have added them to the writing."

The cases of Davidson v. Manson, supra, and Mires v. Summerville, 85 Mo. App. 183, decided by this court, really dispose of the question before us. While fraud in the representation of the quantity of the land was charged in the Mires case (and is not here), yet we held that since the purchaser had lived all his life near by the land, had been over it time and again, and was thoroughly acquainted with it, with no confusing irregularities in boundaries, with no hindrance to his view or judgment, he should not be allowed to say that he thought and *relied upon* a tract of *seventeen* acres being a tract of *thirty-two* acres. We considered the matter as too patent to the observation of anyone, not laboring under some disability, to be made the subject of a dispute after it had been closed by a deed, in the execution of which there was no pretense of deception or artifice.

The case of McGhee v. Bell, 170 Mo. 121, is altogether unlike Mires v. Summerville. In that case, the land was an irregular tract in the breaks of Grand river bounded partly by the river and a slough. The vendees knew nothing of the land and the vendor fraudulently pointed out false boundries including fences and land he did not own. The vendees, as repeated and emphasized by Judges GANTT and BURGESS, were ignorant and uneducated people, unable to read or write, more than signing their own names and wholly incompetent to understand or comprehend a description of land by metes and bounds. That the vendor fraudulently, for the purpose of deceiving them, prevented them from being present at the execution of the deed and suppressed the deed to himself which disclosed the true acreage. The court held that the parties did not stand on an equal footing and both justly and wisely determine the vendees were entitled to protection; though there was a dissent as to the remedy. It is the pride of the law that while refusing to encourge "supine negligence," or to lend ear to a complaint against that which was perfectly patent and manifest, it will yet aid the unfortunate whose ignorance and situation have been made the means of an unfair and unjust contract. Thus where the vendor in a sale of a large tract of land, situated on the Missouri river, falsely and fraudulently represented that only a certain quantity had fallen into and been washed away by the river, it was held that the vendee, having been frequently upon the land and being fully acquainted with it, with every opportunity to examine for himself, would not be heard to say that he was deceived and led into the purchase by fraudulent representation. [Langdon v. Green, 49 Mo. 363.] So where the false and fraudulent representations were that unimproved portions of a farm were well timbered and the soil was good when in point of fact most of the timber had been cut off and the land was broken and rocky, it also appearing that the vendee

went up the land and examined for himself, it was held that the defects were apparent and that the fraudulent representations were of no consequence. [Morse v. Rathburn, 49 Mo. 91.] As said in Bryan v. Hitchcock, 43 Mo. 531, even "courts of equity will not aid parties who neglect to use their own judgment and discretion in their business transactions."

Those cases involved the complaint of persons *sui juris,* and whose ability to care for themselves was not questioned as was also the case with the plaintiff in Mires v. Summerville. But when the complaint comes from the weak, the helpless, the unfortunate and ignorant, as appears in McGhee v. Bell, supra, the entire aspect is changed and the law affords them protection, for the very reason that they are not able to protect themselves and cannot be considered at fault in becoming the victim of the wrongdoer.

Of course, fraud may also be committed on the diligent or even the most careful of business men, and be the subject of ready redress by the courts. But it will be in instances where it was reasonable and prudent to trust to the opposite party; or, where from the situation, nothing else could be done with regard to reasonable convenience or opportunity. It will not be in those cases where the complainant was himself thoroughly acquainted with the subject-matter, saw and examined for himself and where the falsehood in the representation was patent to the eye and understanding as in Mires v. Summerville. And why our brethren at St. Louis should have conceived the notion that that case was opposed to McGhee v. Bell, or to the case they were then deciding (Judd v. Walker, 114 Mo. App. 128), we are not able to understand. We can readily see where (conceding a measurement or survey need not have been made) one, though standing upon the land, may believe representations that a small tract contained something more than in fact it did contain, but when he states that he had always known a tract,

which contained only seventeen acres, and that standing within its enclosure he believed and relied upon there being practically *double* that quantity, as did the plaintiff in Mires v. Summerville, he is stating a belief in the face of a patent fact to the contrary and he makes out a case of such unreasonable lack of diligence and of such listless indifference as to deprive him of the aid of the law.

The judgment of the trial court should not be disturbed and it is accordingly affirmed.  All concur.